UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>EX PARTE APPLICATION OF IRAQ TELECOM LIMITED FOR AN EXPEDITED ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C § 1782<br><br>                      Applicant. | Case No. 18-mc-00458-LGS-OTW |

**MEMORANDUM IN SUPPORT OF SIRWAN SABER MUSTAFA'S**
<u>**MOTION TO INTERVENE**</u>

BOIES SCHILLER FLEXNER LLP
Duane L. Loft
575 Lexington Avenue
New York, New York 10022
Telephone:   212.446.2300
Facsimile:   212.446.2350

*Attorney for Sirwan Saber Mustafa*

## **TABLE OF CONTENTS**

                                                                                                                                              **PAGE**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.    Mr. Mustafa Has Standing to Challenge the Petition's Discovery Requests Under 28 U.S.C. § 1782. ............................................................................................................. 2

    II.   Mr. Mustafa Is Permitted to Intervene Under Rule 24. ...................................................... 3

        A.  The Motion to Intervene Is Timely ............................................................................... 3

        B.  Mr. Mustafa Has Concrete Interests in This Action ..................................................... 4

        C.  Absent Intervention, Mr. Mustafa's Interests Are Not Adequately Protected and Will Be Impaired. ................................................................................................... 6

CONCLUSION ............................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**CASES**                                                                      **PAGE**

*Arista Records, Inc. v. Dalaba Color Copy Ctr. Inc.*,
    No. 05-CV-3634 (DLI)(MDG), 2007 WL 749737 (E.D.N.Y. 2007) ........................................ 4

*AT&T Corp. v. Spring Corp.*,
    407 F.3d 560 (2d Cir. 2005) ............................................................................................. 5, 6

*Bridgeport Guardians, Inc. v. Delmonte*,
    602 F.3d 469 (2d Cir. 2010) ................................................................................................ 4

*Diversified Group, Inc. v. Daugerdas*,
    217 F.R.D. 152, (S.D.N.Y. 2003) ........................................................................................ 6

*Dorsett v. Cnty of Nassau*,
    283 F.R.D. 85 (E.D.N.Y. 2012) ........................................................................................... 5

*In re Application of Sarrio, S.A.*,
    119 F.3d 143 (2d Cir. 1997) ......................................................................................... 2, 3, 6

*In re Bank of N.Y. Derivative Litig.*,
    320 F.3d 291 (2d Cir. 2003) ............................................................................................. 3, 4

*In re Hornbeam Corp.*,
    No. 14 Misc. 424 (Part 1), 2015 WL 13647606 (S.D.N.Y. Sep. 17, 2015) ..................... 4, 5, 6

*In re Letter of Request from Crown Prosecution Serv. of United Kingdom*,
    870 F.2d 686 (D.C. Cir. 1989) ............................................................................................. 3

*In re Request for Int'l Judicial Assistance*,
    687 F. Supp. 880 (S.D.N.Y. 1988) ...................................................................................... 2

*Trbovich v. UMW*,
    404 U.S. 528 (1972) ......................................................................................................... 6, 7

*United States v. City of New York,*
    198 F.3d 360 (2d Cir. 1999) ................................................................................................ 3

*United States v. Pitney Bowes, Inc.*,
    25 F.3d 66 (2d Cir. 1994) .................................................................................................... 4

**STATUTES**

28 U.S.C. § 1782 ...................................................................................................................... 1, 2

**RULES**

Fed. R. Civ. P. 24 .................................................................................................... 3, 4, 5, 6

Sirwan Saber Mustafa ("Mr. Mustafa"),[1] by and through his counsel, respectfully submits this Memorandum of Law in support of his Motion to Intervene (the "Motion").

## PRELIMINARY STATEMENT

Less than ten days ago, Mr. Mustafa learned about the present application for discovery before this Court under 28 U.S.C. § 1782 (the "Petition"). He read in the Petition details of his private banking information, materials from private arbitrations that are meant to be kept confidential, and learned that the Petition sought information from banks in New York that the Petitioner plans to use against him in foreign proceedings. He then read about this Section 1782 Petition in the *Financial Times*,[2] which contained on-the-record comments from Agility Public Warehousing Company KSCP ("Agility") and Orange, S.A. ("Orange"), the owners of Iraq Telecom Limited ("IT Limited"), the party that initiated the present application for discovery (the "Petitioner").

This is the latest in a desperate, scorched-earth litigation campaign to scandalize Mr. Mustafa and pressure him to give up control of Korek Telecom Company LLC ("Korek"), an Iraqi cellphone service company in which Petitioner holds a minority shareholding. Having failed to gain control of Korek through the purported exercise of its alleged contractual rights, Petitioner has resorted to hiring private investigators (*see* Dkt. 2-7), to commencing myriad foreign proceedings against Mr. Mustafa and others, and now is turning to this Court for

---

[1] To avoid any confusion, Mr. Mustafa is the individual referred to in the Petition as "Mr. Barzani."
[2] Nic Fildes and Chloe Cornish, *Orange battles for control of Iraqi telecoms group*, FINANCIAL TIMES, https://www.ft.com/content/d3e3f43a-d5ea-11e8-ab8e-6be0dcf18713 (last visited Nov. 6, 2018).

1

discovery under Section 1782 from U.S. banks[3] that Petitioner speculates *might* possess some evidence that could rescue the meritless claims that it is pursuing abroad.

Mr. Mustafa has an obvious interest in the outcome of these discovery attempts and thus respectfully requests to intervene, including to challenge any improper discovery, protect against the disclosure of personal and confidential information, and access any discovery that the Petitioner apparently intends to use against him in foreign proceedings.

## ARGUMENT

**I.     MR. MUSTAFA HAS STANDING TO CHALLENGE THE PETITION'S DISCOVERY REQUESTS UNDER 28 U.S.C. § 1782.**

It is well-settled that "standing to oppose subpoenas issued under § 1782 is [not] limited to the subpoenaed witness," and that "the ultimate targets of a § 1782 discovery order issued to third parties have standing to challenge the district court's power to issue a subpoena under the terms of an authorizing statute." *In re Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997); *see also In re Request for Int'l Judicial Assistance*, 687 F. Supp. 880, 887 (S.D.N.Y. 1988) (targets of subpoenas issued to bank under Section 1782 have standing to challenge the scope of the requests).

As the Petition makes clear, any "documents and information" obtained from the Respondent Banks are intended "for use in the Foreign Proceedings" against Mr. Mustafa. Petition, at 2. For example, the Petition seeks documents from the Respondent Banks about "certain USD transactions at issue in the Foreign Proceedings," including transactions allegedly involving Mr. Mustafa. *Id*. at 2-3, 18. Indeed, the Petition argues and is predicated on the very

---

[3] Respondents are five non-party U.S. banks that are alleged to have processed certain transactions at issue in the foreign proceedings in U.S. dollars, including Citibank, N.A.; HSBC Bank (USA) N.A.; Standard Chartered International (USA) Ltd; The Bank of New York Mellon, N.A.; and Wells Fargo Bank, N.A. (collectively, the "Respondent Banks").

notion that the discoverable material will be useful in proceedings against Mr. Mustafa. *Id*. at 17-19, 28-31. Thus, Mr. Mustafa has standing to challenge the Section 1782 discovery. *See In re Sarrio*, 119 F.3d at 148; *see also In re Letter of Request from Crown Prosecution Serv. of United Kingdom*, 870 F.2d 686, 689 (D.C. Cir. 1989) (ruling that "a potential target" to foreign proceedings has standing to challenge a Section 1782 discovery order on the basis that "[o]ne against whom information obtained under section 1782 may be used, has standing to assert that, to his detriment, the authority for which the section provides is being abused").

## II. MR. MUSTAFA IS PERMITTED TO INTERVENE UNDER RULE 24.

Mr. Mustafa also satisfies the requirements for intervention under the Federal Rules of Civil Procedure. To establish intervention as of right under Rule 24(a), the moving party need only (1) file a timely motion; (2) show an interest in the action; (3) demonstrate that the interest may be impaired by the disposition of the action; and (4) show that the interest is not adequately protected by the parties to the action. *United States v. City of New York*, 198 F.3d 360, 364 (2d Cir. 1999). The Court may also grant permissive intervention in consideration of these four factors as well as whether the proposed intervention will unduly delay or prejudice the adjudication of the parties' rights. *See* Fed. R. Civ. P. 24(b); *In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 300 n.5 (2d Cir. 2003). Mr. Mustafa meets each of the Rule 24 factors, and the proposed intervention will not cause undue delay to these proceedings or prejudice to the Petitioners.

### A. The Motion to Intervene Is Timely

In determining timeliness, courts consider "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual

3

circumstances militating for or against a finding of timeliness." *In re Bank of N.Y. Derivative Litig.*, 320 F.3d at 300 (citing *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994)).

Mr. Mustafa was never served with copies of the Petition or otherwise given formal notice of the proceedings. He learned of them through an internet alert on October 25, 2018. The present notice to intervene, filed less than two weeks later, satisfies the timeliness requirement of Rule 24. *See Arista Records, Inc. v. Dalaba Color Copy Ctr. Inc.*, No. 05-CV-3634 (DLI)(MDG), 2007 WL 749737, at *3 (E.D.N.Y. 2007); *In re Hornbeam Corp.*, No. 14 Misc. 424 (Part 1), 2015 WL 13647606, at *3 (S.D.N.Y. Sep. 17, 2015).

Further, no prejudice or delay will result from permitting intervention. No discovery has commenced; indeed, the Court has not yet set a briefing schedule on the Petition. By contrast, substantial prejudice may result if intervention is denied. As explained below, absent intervention, Mr. Mustafa would lose the opportunity to be heard and to protect his well-founded interests in preventing unwarranted discovery and/or the improper disclosure of confidential commercial and personal information.

### B. Mr. Mustafa Has Concrete Interests in This Action

Mr. Mustafa has a direct interest in this Section 1782 discovery action for at least two reasons.

*First*, because Mr. Mustafa, as the party against whom any discovery would be used in the foreign proceeding, has standing to challenge that discovery, his interests in the Section 1782 proceeding are sufficiently concrete under Rule 24. Indeed, as courts have observed, the "interest requirement for intervention is no more burdensome than the standing requirement." *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 474 (2d Cir. 2010).

*Second,* Mr. Mustafa has a confidentiality interest in the potentially discoverable material, as is clear on the face of the Petition. The Petition seeks documents and information that, if and to the extent they exist, will implicate Mr. Mustafa's sensitive personal and financial information. In particular, it includes requests specific to Mr. Mustafa's alleged bank accounts at HSBC, IBL Bank, and other financial institutions, which threaten an invasive and improper fishing expedition into his affairs. *See* Petition, at 18 (seeking "any documents or information in the possession or control of" the Respondent Banks such as "transfers from IBL Bank to Messrs. Mustafa and Rahmeh in connection with the IBL Loan, including but not limited to any transfers from IBL Bank to Mr. Mustafa's (a) IBL Bank account, or (b) HSBC UAE account number []," "transfers to/from Mr. Mustafa's HSBC UAE account number []," and "transfers from Korek's HSBC account number [] to Mr. Mustafa's HSBC UAE account number []"). Indeed, the Petitioners have already displayed a distressing lack of concern for Mr. Mustafa's privacy and confidentiality by publicly disclosing a number of his personal bank account numbers in the Petition itself. *Id.*

Courts have long recognized that the protection of such confidentiality interests is a sufficient ground for intervention under Rule 24. *See, e.g.*, *In re Hornbeam Corp.*, 2015 WL 13647606, at *3 ("[P]ermissive intervention is an appropriate means for [the intervening party] to vindicate any confidentiality interests [he] might have" in personal financial information, including wire transfer records) (citing *AT&T Corp. v. Spring Corp.*, 407 F.3d 560, 562 (2d Cir. 2005)); *see also Dorsett v. Cnty of Nassau*, 283 F.R.D. 85, 92 (E.D.N.Y. 2012) (recognizing for purposes of intervention under Rule 24 a "legitimate interest" in the non-disclosure of confidential material).

5

### C. Absent Intervention, Mr. Mustafa's Interests Are Not Adequately Protected and Will Be Impaired.

As explained above, Mr. Mustafa is a "part[y] against whom the requested information will be used," and thus, any discovery may directly impair Mr. Mustafa's litigation interests as an adverse party in the foreign proceedings. *See In re Sarrio*, 119 F.3d at 148. Further, absent intervention and timely objection, these requests pose the risk that Mr. Mustafa's confidential material will be improperly disclosed. *See Diversified Group, Inc. v. Daugerdas*, 217 F.R.D. 152, 157 (S.D.N.Y. 2003) (stating that Rule 24(b) is the proper procedure for a third party to vindicate confidentiality concerns); *see also AT&T Corp.*, 407 F.3d at 560-61. Given the potential prejudice he would suffer, Mr. Mustafa is entitled to oppose any inappropriate use of the Section 1782 discovery vehicle.

Further, Mr. Mustafa's interests are not adequately represented in the current litigation. This final prong of Rule 24 "is satisfied if the applicant shows that the representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. UMW*, 404 U.S. 528, 538 n.10 (1972). Here, the current parties to the Section 1782 action are either opposite (and antagonistic towards) Mr. Mustafa in the foreign proceedings, or they are third parties. While the Respondent Banks may have independent grounds to oppose discovery of their records, it is not at all clear that their incentives will align with Mr. Mustafa's, or that the Respondent Banks will act to protect the due process and confidentiality interests of a possible customer. As in *In re Hornbeam Corp.*, where Section 1782 discovery of the target's wire transfer records was sought against several New York banks, the constellation of existing interests may range from directly adverse to neutral vis-a-vis Mr. Mustafa's. 2015 WL 13647606, at *3. Given the "minimal" showing for inadequate representation required and the gravity of the due process and confidentiality concerns,

6

intervention is justified to preserve Mr. Mustafa's specific rights and interests. *See generally Trbovich*, 404 U.S. at 538.

## **CONCLUSION**

For the foregoing reasons, Mr. Mustafa respectfully requests that he be permitted to intervene.

DATED:  November 6, 2018                                               BOIES SCHILLER FLEXNER LLP


/s/ Duane Loft
Duane Loft
dloft@bsfllp.com
575 Lexington Avenue
New York, New York 10022
Telephone:    212.446.2300
Facsimile:     212.446.2350

*Attorney for Sirwan Saber Mustafa*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 6th day of November, 2018, a copy of the foregoing Memorandum in Support of Sirwan Saber Mustafa's Motion to Intervene was filed electronically by using the CM/ECF system, and that notification of this filing is to be provided to all counsel of record who have registered to receive notices from the court under the CM/ECF system.

/s/ Duane Loft
Duane Loft