UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>EX PARTE APPLICATION OF IRAQ TELECOM LIMITED FOR AN EXPEDITED ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782<br><br>Applicant. | Case No. 1:18-mc-00458 (LGS) (OTW)<br><br>[PROPOSED] *ow*<br>ORDER TO SHOW CAUSE |

This Court having held a conference on November 7, 2018, and counsel for Iraq Telecom, Ltd. (the "Applicant"), non-party Citibank, N.A., non-party HSBC Bank USA, N.A., and Intervenor Sirwan Saber Mustafa ("Mr. Mustafa") having appeared on the record been heard, for the reasons stated on the record and for good cause shown, **IT IS HEREBY ORDERED** that:

1.  All persons and entities listed on Schedule A hereto (referred to herein as "Persons-in-interest") are permitted (but not required) to intervene in this matter for the purpose of being heard with respect to the Application to Take Discovery Pursuant to 28 U.S.C. § 1782, Dkt. 1 (the "Application"). Any such person or entity shall be referred to herein as an "Intervenor". Any Intervenor shall file on the Court's CM-ECF system a Notice of Appearance and (if applicable) a Rule 7.1 statement by November 21, 2018.

2.  Any Intervenor who wishes to be heard in opposition to the Application (referred to herein as an "Opposing Intervenor") shall show cause why an order should

not issue, pursuant to 28 U.S.C. § 1782, granting the Application. All Opposing Intervenors shall follow the schedule and procedure set forth herein.

3. All Opposing Intervenors shall file on the Court's CM-ECF system such memorandum of law and/or affidavits/declarations (if any) in opposition by November 21, 2018.

4. Failure by any Person-in-interest to file an opposition by November 21, 2018 waives such Persons-in-interest's opportunity to object to the Application and will preclude such person from subsequently being heard on the matter absent a finding of good cause by the Court.

5. The Applicant shall file its response/responses to opposition(s) received (if any), including any affidavits/declarations, by November 30, 2018.

6. The Court will hold a hearing on the Application at 11 o'clock in the forenoon, on December 11, 2018 at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, in Courtroom 20D, why the Application should not be granted (the "Hearing"). Applicant and all Objecting Intervenors shall appear at that time.

7. Notice of the Application and this Order shall be given to Persons-in-interest (other than Mr. Mustafa) in the manner specified in Schedule A. Such notice shall contain a copy of this Order and a copy (or electronic link to a copy) of the Application and all supporting papers.

8. The giving of notice so as to be received by November 13, via the transmission method specified in Schedule A, shall be deemed good and sufficient

notice to require compliance by such Person-in-interest with this Order and effectuate the waiver provided in paragraph 4 in the absence of compliance. Such notice shall also be deemed sufficient notice pursuant to Fed. R. Civ. P. 45 (a)(4). No later than November 13, 2018, the Applicant shall file with the Court an affidavit of service attesting to the provision of notice in compliance with Schedule A, including a list of all parties to whom notice was transmitted. However, this Order shall apply to all Persons-in-interest that have notice of it by November 13, 2018 regardless of the means by which such notice is received.

9. The waiver provided in paragraph 4 shall not apply to the 5 banks to which the Application is directed (referred to herein as the "Banks"), to the extent that any objection by any Bank to the Application is solely that the proposed subpoenas are overbroad and/or impose undue burdens within the meaning of Fed. R. Civ. P. 45, which objections (if any) are subject to meet-and-confer obligations. Applicant and any such objecting Bank shall meet-and-confer in good faith to resolve any such objections. If, despite such good faith consultation, the Bank's objection(s) remains, the Bank and the Applicant shall outline the dispute in a joint letter to the Court, in accordance with ¶ II(b) of the Court's discovery dispute procedures, and such objections will be resolved in a separate conference.

10. To the extent that any Person-in-interest believes that a confidentiality order is necessary because the subpoenas may require the production of confidential and/or proprietary information, they shall follow the procedure II(c) related to a

confidentiality order available on the Court's web-site:

http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=1536.

11. In the event that the Application is granted in whole or in part, all objections to the proposed subpoenas, including objections on the basis of privilege, confidentiality, overbreadth, or burden, are expressly preserved.

IT IS SO ORDERED:

Dated: Nov 9 2018

_____
United States Magistrate Judge

**SCHEDULE A**

| Person-in-interest | Method of Notice | Basis for Method |
|---|---|---|
| Mr. Abdulhameed Abdullah | Via email to personal email address | Email address currently used for official communications from Korek Company Secretary as member of the Korek Supervisory Committee |
| Mohammed Salih Aqrawi | Via email to personal email address | Email address currently used for official communications from Korek Company Secretary as member of the Korek Supervisory Committee |
| Mr. Nozad Hussein Jundi | Via email to personal email address | Email address currently used for official communications from Korek Company Secretary as member of the Korek Supervisory Committee |
| Mr. Raymond Samir Zina Rahmeh | Via email to personal email address | Email address currently used for official communications from Korek Company Secretary as member of the Korek Supervisory Committee |
| International Holdings Limited | Via ECF service to Sirwan Saber Mustafa as the Chairman of the International Holdings Limited Board | *See* Method of Notice |
| IBL Bank SAL | Via email to relevant counsel at Abousleiman & Partners Law Office, and to relevant counsel and Badri and Salim El Meouchi Law Firm | Counsel to IBL Bank SAL in LAMC Arbitration |
| Korek Telecom Company LLC | Via email to address provided by Boies Schiller | Client of Boies Schiller |

| | | |
|---|---|---|
| Korek International (Management) Ltd. | Via email to address provided by Boies Schiller | Client of Boies Schiller |
| Sirwan Saber Mustafa | Via ECF service | |
| Citibank, N.A | Via ECF service | |
| HSBC Bank (USA), N.A. | Via ECF service | |
| Standard Chartered International (USA) Ltd. | Via email to Donna Hill at Standard Chartered | Ms. Hill contacted counsel for Applicant identifying herself as appropriate contact and provided email address |
| The Bank of New York Mellon, N.A. | Via Federal Express to 225 Liberty Street, 21st Floor, New York, NY 10286 | Proper address for service per governmental filings by Bank |
| Wells Fargo Bank, N.A. | Via Federal Express to 375 Park Avenue New York, NY 10152 | Proper address for service per governmental filings by Bank |