UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>EX PARTE APPLICATION OF IRAQ TELECOM LIMITED FOR AN EXPEDITED ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C § 1782<br><br>                      Applicant. | Case No. 18-mc-00458-LGS-OTW |

**DECLARATION OF MICHAEL BLACK QC**

1. My name is Michael Jonathan Black. I am over the age of 18 and make this Declaration based on my own personal knowledge. I submit this Declaration in support of the Opposition filed by Intervenor Sirwan Saber Mustafa ("Mr. Mustafa") to Iraq Telecom Limited's Application in the above-captioned case.

2. I was called to the Bar of England and Wales by the Honorable Society of Middle Temple in 1978 (Bencher 2006) and appointed Queen's Counsel in 1995. I have held the following English public appointments: Recorder of the Crown Court (1999-2013); Deputy Judge of Technology and Construction Court (1999-2013); Deputy High Court Judge (2008-2013); Member Civil Procedure Rule Committee (2000-2004) and Member Civil Justice Council (2005-9).

3. In 2003 I was retained by what is now the Judicial Authority at the Dubai International Financial Centre ("DIFC") to assist with the establishment of the DIFC Courts, in particular by drafting (with junior counsel) the Rules of the DIFC Courts (the "RDC", which are attached as Exhibit 1). In 2008 (with others) I redrafted the DIFC Arbitration Law.

4. I was the first advocate to be admitted under Part II of what is currently Rights of Audience and Registration in Part II of the Academy of Law's Register of Practitioners, DRA Order No. 1 of 2016: Individuals with rights of audience before the DIFC Courts and appeared in the first trial (a shareholders' dispute) and the first appeal (concerning a freezing injunction). Since then I have appeared and advised in numerous matters concerning DIFC law and before the DIFC Courts.

5. My area of specialization is international commercial disputes both in litigation and international arbitration with a particular focus on the Middle East and North Africa

1

Region. In international arbitration I act both as counsel and arbitrator. I am a member of the UK national committee of the International Chamber of Commerce International Court of Arbitration and the International Chamber of Commerce's Global Commission on Arbitration and ADR. I am also a member of the Court of the Casablanca International Mediation and Arbitration Centre.

6. I am a Visiting Professor at the University of Manchester, UK and a Visiting Scholar at National Chengchi University, Taipei, Taiwan. I have written on and taught legal topics internationally including in the USA.

7. I am familiar with the information set forth in this Declaration either from personal knowledge or on the basis of documents I have reviewed.

8. The facts and matters testified are true to the best of my knowledge, information and belief. Since I submit this Declaration specifically in opposition to the Application, it does not contain each and every fact within my knowledge regarding the topics discussed herein.

9. I have been instructed to represent Korek International (Management) Limited in respect of separate proceedings before the DIFC Courts with case number ARB008/2017. I understand that those proceedings do not form the basis of the current Applicant. I am not instructed in relation to any of the proceedings which I understand do underlie the present Application. My role in the present Declaration is therefore limited to explaining in general terms the procedure of the DIFC Courts.

10. The procedure in the DIFC Courts is that to commence a claim the claimant must request the Court to issue a claim form. The claim form may contain particulars of the claim either endorsed on the form itself or as an accompanying document. Alternatively the claim form may state that if an acknowledgment of service is filed which indicates an intention to defend, particulars of claim will follow and in that case the claimant must serve the particulars of claim within 28 days of the filing of acknowledgement of service. (RDC Part 7, rules 7.1 to 7.4, 7.20, 7.31, attached as Exhibit 1).

11. It is the general obligation of the claimant to serve the necessary documents on the defendant. No permission is required from the Court for service outside the DIFC or the Emirate of Dubai but service must comply with the rules regarding service of the place where service is sought to be effected. (RDC Part 9, rules 9.5, 9.53). If a party has to be served in a jurisdiction which is party to the Riyadh Arab Agreement for Judicial Cooperation 1983 (the "Riyadh Convention"), then as a matter of DIFC law service must be effected in accordance with the terms of the Riyadh Convention *(Pearl Petroleum Company Limited & Others v The Kurdistan Regional Government of Iraq* [2017] DIFC ARB 003, attached as Exhibit 2).

12. If the claim form is to be served out of the DIFC or Dubai it must be served on the Defendants within 6 months of it being issued (RDC Part 7, rule 7.20), though an extension of time may be sought for this period (RDC Part 7, rule 7.21).

13. A defendant must file an acknowledgement of service within 28 days where service is effected outside the DIFC or the Emirate of Dubai (RDC Part 9, rule 9.57). A defendant may however acknowledge service but dispute the jurisdiction of the Court over him – he does this making a statement to that effect in his acknowledgment of service (by way of a tick box) and within 14 days thereafter serving an application supported by evidence (RDC Part 12, rules 12.1to 12.4). The Court will then decide the jurisdictional challenge at a hearing and in my experience this process can take many weeks if not months.

14. If the Court decides that it does have jurisdiction, it will direct when a defence is to be served; this will not generally be within less than 28 days (RDC Part 16, rule 16.9(2)) and in complex cases is likely to be longer.

15. Once service of the claim form and particulars of claim has been effected on all parties and normally after all of the defendants have filed a defence, the DIFC Court will set a procedural timetable at a Case Management Conference (RDC Part 26, rule 26.34).

16. The Court will generally consider at a Case Management Conference whether production of documents, if any, is necessary (RDC Part 26, rule 26.35(3)). The words "if any" should be noted as the production of documents in the DIFC Courts is not a matter of right but occurs only if ordered by the Court in accordance with the procedure under RDC Part 28.

17. Under RDC Part 28, within the time ordered by the Court:

    a. Each party shall give "standard production of documents", that is to say the party must produce (1) documents on which it relies and (2) documents which it is required to produce by any Law, Rule or Practice Direction (RDC Part 28, rule 28.15);
    b. Parties may also submit requests to produce (RDC Part 28, rule 28.16). These requests to produce must contain either:
        i. A description of a requested document sufficient to identify it; or
        ii. A description in sufficient detail (including subject matter) of a narrow and specific requested category of documents that are reasonably believed to exist;
        iii. a description of how the documents requested are relevant and material to the outcome of the case; and
        iv. a statement of the reason why that party believes the documents requested to be in the possession, custody or control of the other party and either:
            1. a statement that the documents requested are not in the possession, custody or control of the requesting party, or
            2. a statement of the reasons why it would be unreasonably burdensome for the requesting party to produce such documents. (RDC Part 28, rule 28.17)

18. The DIFC Courts take a significantly narrower approach to disclosure than that adopted in either England or the United States, adopting a system which has been described as "much closer, in this respect, to the scheme for production in the IBA rules, applicable to arbitrations" (*Taaleem PJSC v National Bonds Corp*. CFI 014/2010 at 31) (attached as Exhibit 3). The DIFC Courts have emphasised the importance of such document production requests being focused: "*So requests to produce have to be focused: they have to explain why the documents requested are relevant and material and they have to explain why they are thought to be in the possession, custody and control of the other party.*" Exhibit 3 at 32.

I, Michael Black QC, hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 21 November 2018
London, England, U.K.

*Michael Black*
Michael Black QC