

# LEBANESE ARBITRATION CENTER
### Beirut Chamber of Commerce & Industry

# Rules of Conciliation and Arbitration

# Rules of Optional Conciliation

Settlement is a desirable solution for civil and business disputes of an internal and International character.

The Beirut Chamber of Commerce and Industry therefore sets out these Rules of Optional Conciliation in order to facilitate the amicable settlement of such disputes.

## Article 1

All civil or business disputes of an Internal or international character may be submitted to conciliation by a sole conciliator appointed by the Beirut Chamber of Commerce and Industry

## Article 2

The party requesting conciliation shall apply to the Secretariat General of the Arbitration at the Beirut Chamber of Commerce and Industry setting out succinctly the purpose of the request and accompanying it with the fee required to open the file, as set out in Appendix III hereto.

## Article 3

The Secretariat General shall, as soon as possible, inform the other party of the request for conciliation. That party will be given a period of 15 days to inform the Secretariat General whether it agrees or declines to participate in the attempt to conciliate.

If the other party agrees to participate in the attempt to conciliate it shall so inform the Secretariat General within such period. In the absence of any reply within such period or in the case of a negative reply the request for conciliation shall be deemed to have been declined. The Secretariat shall, as soon as possible, so inform the party which had request conciliation.

## Article 4

Upon receipt of an agreement to attempt conciliation, the Secretary General of the Arbitration shall appoint a conciliator as soon as possible. The conciliator shall inform the parties of his appointment and set a time-limit for the parties to present their respective arguments to him.

## Article 5

The conciliator shall conduct the conciliation process as he thinks fit, guided by the principles of impartiality, equity and justice.

With the agreement of the parties, the conciliator shall fix the place for conciliation.

The conciliator may at any time during the conciliation process request a party to submit to him such additional information as he deems necessary. The parties may, if they so wish, be assisted by counsel of their choice.

## Article 6

The confidential nature of the conciliation process shall be requested by every person who is involved in it in whatever capacity.

## Article 7

The conciliation process shall come to an end.

   a) Upon the parties signing an agreement. The parties shall be bound by such agreement. The agreement shall remain confidential unless and to the extent that its execution or application require disclosure.

   b) Upon the production by the conciliator of a report recording that the attempt to conciliate has not been successful. Such report shall not contain reasons.

   c) Upon notification to the conciliator by one or more parties at any time during the conciliation process of an intention no longer to pursue the conciliation process.

## Article 8

Upon termination of the conciliation, the conciliator shall provide the Secretariat General with the settlement agreement signed by the parties or with his report of lack of success or with a notice from one or more parties of the intention no longer to pursue the conciliation.

## Article 9

Upon the file being opened, the Secretariat General shall fix the sum required to permit the process to proceed, taking into consideration the nature and importance of the dispute. Such sum shall be paid in equal shares by the parties.

This sum shall cover the estimated fees of the conciliator expenses of conciliation, and the administrative expenses as set out in Appendix III hereto.

In any case where, in the course of the conciliation process, the Secretariat General shall decide that the sum originally paid is insufficient

3

to cover the likely total costs of the conciliation, the Secretariat General shall require the provision of an additional amount which shall be paid in equal shares by the parties.

Upon termination of the conciliation, the Secretariat General shall fix the total costs of the process and advise the parties in writing.

All the above costs shall be born in equal shares by the parties except and insofar as a settlement agreement provides otherwise.

A party's other expenditures shall remain the responsibility of that party.

## Article 10

Unless the parties agree otherwise in writing, a conciliator shall not act in any judicial or arbitration proceeding relating to the dispute which has been the subject of the conciliation process whether as an arbitrator, or representative or counsel of a party.

The parties mutually undertake not to call conciliator as a witness in any such proceedings, unless otherwise agreed between them in writing.

## Article 11

The parties agree not to introduce in any judicial or arbitration proceeding as evidence or in any manner whatsoever:

   a) any views expressed or suggestions made by any party with regard to the possible settlement of the dispute.
   b) any proposals put forward by the conciliator.
   c) the fact that a party had indicated that it was ready to accept some proposal for a settlement put forward by the conciliator.

4

# Rules of Arbitration

## Article 1

### Court of arbitration

1

the Court of Arbitration is the arbitration body attached to the Beirut Chamber of Commerce and Industry. Members of the court are appointed by the Beirut Chamber of Commerce and Industry in cooperation with the Board of Trustees. The function of the court is to provide for the settlement arbitration of the disputes of an internal or international character in accordance with these rules and especially regarding the scruting of the draft of the award mentioned here in below.

2

the court meets once a month and draws up its own internal regulations.

3

the Chairman of the Court or his deputy shall have the power to take urgent decisions on behalf of the court, provided that any such decision shall be reported to the Court at its next session.

4

The Court may, in the manner provided for in its internal regulations, delegate to one or more groups of its members the power to take certain decisions provided that any such decision shall be reported to the Court at its next session.

5

The Secretariat of the Court of Arbitration shall be assumed by the Secretary General.

## Article 2

### The Arbitral tribunal

1

The Court of Arbitration does not itself settle disputes. Insofar as the

parties shall not have provided otherwise, it appoints, or confirms the appointments of, arbitrators in accordance with the provisions of this Article. In making or confirming such appointment, the Court shall have regard to the proposed arbitrator's nationality, residence and other relationships with the countries of which the parties or the other arbitrators are nationals.

2

The disputes may be settled by a sole arbitrator or by three arbitrators. In the following Article the word "arbitrator" denotes a single arbitrator or three arbitrators as the case may be.

3

Where the parties have agreed that the disputes shall be settled by a sole arbitrator, they may, by agreement, nominate him for confirmation by the Court. If the parties fail so to nominate a sole arbitrator within 30 days from the date when the Claimant's Request for Arbitration has been communicated to the other party, the sole arbitrator shall be appointed by the Court.

4

Where the dispute is to be referred to the three arbitrators, each party shall nominate in the Request for Arbitration and the Answer thereto respectively one arbitrator for confirmation by the Court. Such person shall be independent of the party nominating him. If the party fails to nominate an arbitrator, the appointment shall be made by the Court.
The third arbitrator, who will act as chairman of the arbitral tribunal, shall be appointed by the Court, unless the parties have provided that the arbitrators nominated by them shall agree on the third arbitrator within a fixed time-limit. In such a case the Court shall confirm the appointment of such third arbitrator. Should the two arbitrators fail, within the time-limit fixed by the parties or the Court, to reach agreement on the third arbitrator, he shall be appointed by the Court.

5

Where the parties have not agreed upon the number of the arbitrators, the Court shall appoint a sole arbitrator, save where it appears to the Court that the dispute is such as to warrant the appointment of the three arbitrators. In such a  case the parties shall each have period of 30 days within which to nominate an arbitrator. If the parties did not nominated an arbitrator, the Court shall nominate a second and/or a third one when necessary.

6

where the Court is to appoint a sole arbitrator or the chairman of an arbitral tribunal, it shall make the appointment after having requested a proposal from a National Committee of the International Chamber of Commerce (ICC) that it considers to be appropriate. If the Court does not accept the proposal made, or if said National Committee fails to make a proposal request within the time-limit fixed by the Court may repeat its request or may request a proposal from another appropriate National Committee.

Where the Court considers that the circumstances so demand, it may choose the sole arbitrator or the chairman of the arbitral tribunal from a country where there is no National Committee, provided that neither of the parties objects within the time-limit fixed by the Court.

The sole arbitrator or the chairman of the arbitral tribunal shall be chosen from a country other than those of which the parties are nationals. However, in a suitable circumstances and provided that neither of the parties objects within the time-limit fixed by the Court, the sole arbitrator or the chairman of the arbitral tribunal may be chosen from a country of which any of the parties is a national.

Where the court is to appoint an arbitrator on behalf of a party which has failed to nominate one, it shall make the appointment after having requested a proposal from the National Committee of the country of which the said party is a national. If the Court does not accept the proposal made, or if said National Committee fails to make the proposal request within the time-limit fixed by the Court, or if the country of which the said party is a national has no National Committee, the Court shall be at liberty to choose any person whom it regards as suitable, after having informed the National Committee of the country of which such person is a national, if one exists.

7

Every arbitrator appointed or confirmed by the Court must be and remain independent of the parties involved in the arbitration.

Before appointment or confirmation by the Court, a prospective arbitrator shall disclose in writing to the Secretariat of the Court any facts or circumstances which might bet of such a nature as to call into question the arbitrator's independence in the eyes of the parties. Upon receipt of such information, the Secretariat of the Court shall provide it to the parties in writing and fix a time-limit for any comments from them.

An arbitrator shall immediately disclose in writing to the Secretariat of the Court and the parties any facts or circumstances of a similar nature which may arise between the arbitrator's appointment or confirmation by the Court and the notification of the final award.

8

A challenge of an arbitrator, whether for an alleged lack of independence or otherwise, is made by the submission to the Secretariat of the Court of a written statement specifying the facts and circumstances on which the challenge is based.

For a challenge to be admissible, it must be sent by a party either within 30 days from receipt by that party of the notification of the appointment or confirmation of the arbitrator by the Court; or within 30 days from the date when the party making the challenge was informed of the facts and circumstances on which the challenge is based, if such date is subsequent to the receipt of the aforementioned notification.

9

The Court shall decide on the admissibility, and at the same time if need be on the merits, of a challenge after the Secretariat of the Court has accorded an opportunity for the arbitrator concerned, the parties and any other members of the arbitral tribunal to comment in writing within a suitable period of time.

10

An arbitrator shall be replaced upon his death, upon the acceptance by the Court of a challenge, or upon the acceptance by the Court of the arbitrator's resignation, or when the Court decides that he is prevented de jure or de facto form fulfilling his functions, or that he is not fulfilling his functions in accordance with the Rules or within the prescribed time-limits.

11

When, on the basis of information that has come to its attention, the Court considers applying the preceding sub-paragraph, it shall decide on the matter after the Secretariat General of the Court has provided such information in writing to the arbitrator concerned, the parties and any other members of the arbitral tribunal, and accorded an opportunity to them to comment in writing within a suitable period of time.

12

In each instance where an arbitrator is to be replaced, the procedure indicated in the preceding paragraphs 3.4.5. and 6 shall be followed. Once reconstituted, and after having invited the parties to comment, the arbitral tribunal shall determine if and to what extent prior proceedings shall again take place.

13

Decisions of the Court to be appointment, confirmation, challenge or replacement of an arbitrator shall be final.

The reasons for decisions by the Court as to appointment, confirmation, challenge, or replacement of an arbitrator on the grounds that he is not fulfilling his functions in accordance with the Rules or within the prescribed time-limits, shall not be communicated.

# Article 3

### Request for Arbitration

1

A party wishing to have recourse to arbitration by the Chamber shall submit its Request for Arbitration to the Secretariat of the Court of Arbitration, through its National Committee or directly. In this latter case the secretariat shall bring the Request to the notice of the National Committee concerned.

The date when the Request received by the Secretariat General shall, for all purposes, be deemed to be the date of the commencement of the arbitral proceedings.

2

The Request for Arbitration shall *inter alia* contain the following information :
   a) names in full, description, and addresses of the parties,
   b) a statement of the Claimant's case,
   c) the relevant agreements, and in particular the agreement to arbitrate, and such documentation or information as will serve clearly to establish the circumstances of the case,
   d) all relevant particulars concerning the number of arbitrators and their choice in accordance with the provisions of Article 2 above.

3

The Secretariat General shall send a copy of the request and the documents annexed thereto to the Defendant for his Answer.

# Article 4

### Answer the Request

1

The Defendant shall within 30 days from the receipt of the documents

referred to in paragraph 3 of Article 3 comment on the proposals made concerning the number of arbitrators and their choice and, where appropriate, nominate an arbitrator. He shall at the same time set out his defence and supply relevant documents.

In exceptional circumstances the Defendant may apply to the Secretariat General for an extension of time for the filing of his defence and his documents. The application must, however, include the Defendant's comments on the proposals made with the regard to the number of arbitrators and their choice and also, where appropriate, the Secretariat General shall report to the Court of Arbitration, which shall proceed with the arbitration in accordance with these Rules.

2

A copy of the Answer and of the documents annexed thereto, if any, shall be communicated to the Claimant for his information.

## Article 5

### Counter-claim

1

If the Defendant wishes to make a counter-claim, he shall file the same with the Secretariat General, at the same time as his Answer as provided for in Article 4.

2

It shall be open to the Claimant to file a reply with the Secretariat General within 30 days from the date when the counter-claim was communicated to him.

## Article 6

### Pleadings and written statements, notifications or communications

1

All pleadings and written statements submitted by the parties, as well as all documents annexed thereto, shall be supplied in a number of copies sufficient to provide one copy for each party, plus one for each arbitrator, and one for the Secretariat.

2

All notifications or communications from the Secretariat and the arbitrator shall be validly made if they are delivered against receipt or forwarded by registered post to the address or last known address of the party for whom the same are intended as notified by the party in question or by the other party as appropriate.

3

Notification or communication shall be deemed to have been effected on the day when it was received, or should, if made in accordance with the preceding paragraph, have been received by the party itself or by its representative.

4

Periods of time specified in the present Rules or in the Internal Rules or set by the Court of Arbitration pursuant to its authority under any of these Rules shall start to run on the day following the date a notification or communication is deemed to have been effected in accordance with the preceding paragraph. When, in the country where the notification or communication is deemed to have been effected, the day next following such date is an official holiday or a non-business day, the period of time shall commence on the first following working day. Official holidays and non-working days are included in the calculation of the period of time.
If the last day of the relevant period of time granted is an official holiday or a non-business day in the country where the notification or communication is deemed to have been effected, the period of time shall expire at the end of the first following working day.


## Article 7

### **Absence of agreement to arbitrate**

Where there is no *prima facie* agreement between the parties to arbitrate or where there is an agreement but it does not specify the Beirut Chamber of Commerce and Industry, and if the Defendant does not file an Answer within the period of 30 days provided by paragraph 1 of Article 4 or refuses arbitration by the Beirut Chamber of Commerce and Industry, the Claimant shall be informed that the arbitration cannot proceed.


## Article 8

### **Effect of the agreement to Arbitrate**

1

Where the parties have agreed to submit to arbitration by the Beirut Chamber of Commerce and Industry, they shall be deemed thereby to have submitted *ipso facto* to the present Rules.

---

2

---

If one of the parties refuses or fails to take part in the arbitration, the arbitration shall proceed notwithstanding such refusal or failure.

---

3

---

Should one of the parties raise one or more pleas concerning the existence or validity of the agreement to arbitrate, and should the Court of Arbitration be satisfied of the *prima facie* existence of such an agreement, the Court may, without prejudice to the admissibility or merits of the plea or pleas, decide that the arbitration shall proceed.
In such a case any decision as to the arbitrator's jurisdiction shall be taken by the arbitrator himself.

---

4

---

Unless otherwise provided, the arbitrator shall not cease to have jurisdiction by reason of any claim that the contract is null and void or allegation that it is inexistent provided that he upholds the validity of the agreement to arbitrate. He shall continue to have jurisdiction, even though the contract itself may be inexistent or null and void, to determine the respective rights of the parties and to adjudicate upon their claims and pleas.

---

5

---

Before the file is transmitted to the arbitrator, and in exceptional circumstances even thereafter, the parties shall be at liberty to apply to any competent judicial authority for interim or conservatory measures, and they shall not by so doing be held to infringe the agreement to arbitrate or to affect the relevant powers reserved to the arbitrator.
Any such application and any measures taken by the judicial authority must be notified without delay to the Secretariat General. The Secretariat General shall inform the arbitrator thereof.

## Article 9

### Advance to cover costs of Arbitration

---

1

---

The Court of Arbitration shall fix the amount of the advance on costs in a sum likely to cover the costs of arbitration of the claims which have been

referred to it.

Where, apart from the principal claim, one or more counter-claims are submitted, the Court may fix separate advances on costs for the Principal claim and the counter-claim or counter-claims.

---
2
---

The advance on costs shall be payable in equal shares by the Claimant or Claimants and the Defendants. However, any one party shall be free to pay the whole of the advance on costs in respect of the claim or the counter-claim should the other party fail to pay its share.

---
3
---

The Secretariat General may make the transmission of the file to the arbitrator conditional upon the payment by the parties or one of them of the whole or part of the advance on costs to the Beirut Chamber of Commerce and Industry.

---
4
---

When the Terms of Reference are communicated to the Court in accordance with the provisions of Article 13, the Court shall verify whether the requests for the advance on costs have been complied with.

The Terms of Reference shall only become operative and the arbitrator shall only proceed in respect of those claims for which the advance on costs has been duly paid to the Beirut Chamber of Commerce and Industry.

## Article 10

### Transmission of the file to the Arbitrator

Subject to the provisions of Article 9, the Secretariat General shall transmit the file to the arbitrator as soon as it has received the Defendant's Answer to the Request for Arbitration, at the latest upon the expiry of the time-limits fixed in Articles 4 and 5 above for the filing of these documents.

## Article 11

### Rules governing the proceedings

The rules governing the proceedings before the arbitrator shall be those resulting from these Rules and, where these Rules are silent, any Rules which the parties (or, failing them, the arbitrator) may settle, and whether

or not reference is thereby made to a municipal procedural law to be applied to the arbitration.

## Article 12

### **Place of Arbitration**
The place of arbitration shall be fixed by the Court of Arbitration, unless agreed upon by the parties.

## Article 13

### **Terms of Reference**
1

Before proceedings with the preparation of the case, the arbitrator shall draw up, on the basis of the documents or in the presence of the parties and in the light of their most recent submissions, a document defining his Terms of Reference. This document shall include the following particulars:

    a) the full names and description of the parties,
    b) the addresses of the parties to which notifications or communications arising in the course of the arbitration may validly be made,
    c) a summary of the parties respective claims,
    d) definition of the issues to be determined,
    e) the arbitrator's full name, description and address,
    f) the place of arbitration,
    g) particulars of the applicable procedural rules and, if such is the case, reference to the power conferred upon the arbitrator to act as amiable compositeur,
    h) such other particulars as may be required to make the arbitral award enforceable in law, or may be regarded as helpful by the Court of Arbitration or the arbitrator.

2

The document mentioned in paragraph 1 of this Article shall be signed by the parties and the arbitrator. Within two months of the date when the file has been transmitted to him, the arbitrator shall transmit to the Court the said document signed by himself and by the parties. The Court may, pursuant to a reasoned request from the arbitrator or if need be on its own initiative, extend this time-limit if it decides it is necessary to do so.

Should one of the parties refuse to take part in the drawing up of the said

document or to sign the same, the Court, if it is satisfied that the case is one of those mentioned in paragraphs 2 and 3 of Article 8, shall take such action as is necessary for its approval. Thereafter the Court shall set a time-limit for the signature of the statement by the defaulting party and on expiry of that time-limit the arbitration shall proceed and the award shall be made.

---

3

---

The parties shall be free to determine the law to be applied by the arbitrator to the merits of the dispute. In the absence of any indication by the parties as to the applicable law, the arbitrator shall apply the law designated as the proper law by the rule of the conflict which he deems appropriate.

---

4

---

The arbitrator shall assume the powers of an amiable compositeur if the parties are agreed to give him such powers.

---

5

---

In all cases the arbitrator shall account of the provisions of the contract and the relevant trade usages.

## Article 14

### The Arbitral Proceedings

1

---

The arbitrator shall proceed within as short a time as possible to establish the facts of the case by all appropriate means. After study of the written submissions of the parties and of all documents relied upon, the arbitrator shall hear the parties together in person if one of them so requests, and failing such a request he may of his own motion decide to hear them.
In addition, the arbitrator may decide to hear any other person in the presence of the parties or in their absence provided they have been duly summoned.

---

2

---

The arbitrator may appoint one or more experts, define their Terms of Reference, receive their reports and/or hear them in person.

---

3

---

The arbitrator may decide the case on the relevant documents alone if the

parties so request or agree.

## Article 15

1

At the request of one of the parties or if necessary on his own initiative, the arbitrator, giving reasonable notice, shall summon the parties to appear before him on the day and at the place appointed by him and shall so inform the Secretariat of the Court of Arbitration.

2

If one of the parties, although duly summoned, fails to appear, the arbitrator, if he is satisfied that the summons was duly received and the party is absent without valid excuse, shall have power to proceed with the arbitration, and such proceedings shall be deemed to have been conducted in the presence of all parties.

3

The arbitrator shall determine the language or languages of the arbitration, due regard being paid to all the relevant circumstances and in particular to the language of the contract.

4

The arbitrator shall be in full charge of the hearings, at which all the parties shall be entitled to be present. Save with the approval of the arbitrator and of the parties, persons not involved in the proceedings shall not be admitted.

5

The parties may appear in person or through duly accredited agents. In addition, they may be assisted by advisers.

## Article 16

The parties may make new claims or counter-claims before the arbitrator on condition that these remain within the limits fixed by the Terms of Reference provided for in Article 13 or that they specified in a rider to that document, signed by the parties and communicated to the Court of Arbitration.

## Article 17

### Award by consent

If the parties reach settlement after the file has been transmitted to the arbitrator in accordance with Article 10, the same shall be recorded in the form of an arbitral award made by consent of the parties.

## Article 18

### Time-limit for award

1

The time-limit within which the arbitrator must render his award is fixed at six months. Once the Terms of Article 9(4) have been satisfied, such time-limit shall start to run from the date of the last signature by the arbitrator or of the parties of the document mentioned in Article 13, or from the expiry of the time-limit granted to a party by virtue of Article 13(2) , or from the date that the Secretariat of the Court of Arbitration notifies the Arbitrator that the advance on costs is paid in full, if such notification occurs later.

2

The Court may, pursuant to a reasoned request from the arbitrator or if need be on its own initiative, extend this time-limit if it decides it is necessary to do so.

3

Where no such extension is granted and, if appropriate, after application of the provisions of Article 2(11), the Court shall determine the manner in which the dispute is to be resolved.

## Article 19

### Award by three Arbitrators

When three arbitrators have been appointed, the award is given by a majority decision. If there be no majority, the award shall be made by the Chairman of the arbitral tribunal alone.

## Article 20

### Decision as to costs of arbitration

1

The arbitrator's award shall, in addition to dealing with the merits of the case, fix the costs of the arbitration and decide which of the parties shall bear the costs or in what proportions the costs shall be borne by the parties.

2

The costs of the arbitration shall include the arbitrator's fees and the administrative costs fixed by the Court of Arbitration in accordance with the scale annexed to the present Rules, the expenses, if any, of the arbitrator, the fees and expenses of any experts, and the normal legal costs incurred by the parties.

3

The Court may fix the arbitrator's fees at a figure higher or lower than that which would result from the application of the annexed scale if in the exceptional circumstances of the case this appears to be necessary.

## Article 21

### Scrutiny of award by the Court

Before signing an award, whether partial or definitive, the arbitrator shall submit it in draft form to the Court of Arbitration. The Court may lay down modifications as to the form of the award and, without affecting the arbitrator's liberty of decision, may also draw his attention to points of substance. No award shall be signed until it has been approved by the Court as to its form.

## Article 22

### Making of award

The arbitral award shall be deemed to be made at the place of the arbitration proceedings and on the date when it is signed by the arbitrator.

## Article 23

### Notification of award to parties

1

Once an award has been made, the Secretariat General shall notify to the parties the text signed by the arbitrator, provided always that the costs of the arbitration have been fully paid to the Beirut Chamber of Commerce

and Industry by the parties or by one of them.

**2**

Additional copies certified true by the Secretary General of the Arbitration shall be made available, on request and at any time, to the parties but to no one else.

**3**

By virtue of the notification made in accordance with paragraph 1 of this article, the parties waive any other form of notification or deposit on the arbitrator.

## Article 24

### Finally and enforceability of award

**1**

The arbitral award shall be final.

**2**

By submitting the dispute to arbitration by the Beirut Chamber of Commerce and Industry, the parties shall be deemed to have undertaken to carry out the resulting award without delay and to have waived their right to any form of appeal insofar as such waiver can validly be made.

## Article 25

### Deposit of award

An original of each award made in accordance with the present Rules shall be deposited with the Secretariat General.

The arbitrator and the Secretariat of the Court shall assist the parties in complying with whatever further formalities may be necessary.

## Article 26

### General Rule

In all matters not expressly provided for in these Rules, the Court of Arbitration and the arbitrator shall act in the spirit of these Rules and shall make every effort to make sure that the award is enforceable at law.

# Appendix I
## Status of the Court of Arbitration

## Article 1

**Appointment of members**

The Members of the Court of Arbitration are appointed by the Beirut Chamber of Commerce and Industry in cooperation with the Board of Trustees pursuant to Article 5 paragraph 7 of the Constitution of Arbitration.

## Article 2

**Composition of the Court of Arbitration**

The Court of Arbitration shall be composed of a Chairman and of two Vice-Chairman and of four members.

If the Chairman is unable to attend a session of the Court, he shall be replaced by one of the Vice-Chairman.

## Article 3

**Function and powers**

The function of the Court of Arbitration is to ensure the application of the rules of Conciliation and Arbitration of the Beirut Chamber of Commerce and Industry, and the Court has all the necessary powers for that purpose. It is further entrusted, if need be, with laying before the Beirut Chamber of Commerce and Industry any proposals for modifying the Rules of Conciliation and Arbitration which it considers necessary.

## Article 4

**Deliberations and quorum**

The decisions of the Court of Arbitration shall be taken by a majority vote, the Chairman having a casting vote in the event of a tie.

The deliberation of the Court shall be valid when at least four members are present.

The Secretary General shall attend the meetings of the Court as a Secretary.

# Appendix II
# Internal Rules of the Court of Arbitration

## Scope of intervention of the Court of Arbitration

1

The Court of Arbitration may accept jurisdiction over disputes not entering within the scoped of its work, if it has jurisdiction by reason of an arbitration agreement.

## Confidential Character of the Work of the Court of Arbitration

2

The work of the Court of Arbitration is of a confidential character which must be respected by everyone who participates in that work in whatever capacity.

3

The sessions of the Court of Arbitration are open only to its members and to the Secretary General and to the personnel of the Secretariat.
However, in exceptional circumstances and, if need be, after obtaining the opinion of members of the Court, the Chairman of the Court may invite members of the Legal Consultative Committee and authorize observers to attend.
Such persons must respect the confidential character of work of the Court.

4

The documents submitted to the Court or drawn up by it, in the course of the proceedings it conducts, are communicated only to the members of the Court and to the Secretariat General.
The Chairman or the Secretary General may nevertheless authorize researches undertaking work of a scientific nature on Law to acquaint themselves with certain documents of general interest, with the exception of memoranda, notes, statements and documents remitted by the parties within the framework of arbitration proceedings.
Such authorization shall not be given unless the beneficiary has undertaken to respect the confidential character of the documents made available and to refrain from any publication in their respect without having previously submitted the text for approval to the Secretary General.

## Participation of members of the Court of Arbitration in BCCI Arbitration

### 5

Owing to the special responsibilities laid upon them by the Beirut Chamber of Commerce and Industry Rules of Arbitration, the Chairman, the Vice-Chairman, the members of the Court of Arbitration, the Secretary General and the personnel of the Secretariat may not personally act as arbitrators or as counsel in cases submitted to Beirut Chamber of Commerce and Industry arbitration.

### 6

When the Chairman, a Vice-Chairman or a member of the Court is involved, in any capacity whatsoever, in proceedings pending before the Court, he must inform the Secretary General of the Court as soon as he becomes aware of such involvement.

He must refrain from participating in the discussions or in the decisions of the Court concerning the proceeding and he must be absent from the Courtroom whenever the matter is considered.

He will not receive documentation or information submitted to the Court during the proceedings.

## Absence of an arbitration agreement

### 7

Where there is no Prima Facie arbitration agreement between the parties or where there is an agreement but it does not specify the Beirut Chamber of Commerce and Industry, the Secretariat General draws the attention of the claimant to the provisions laid down in Article 7 of the Rules of Arbitration.

The Claimant is entitled to require the decision to be taken by the Court of Arbitration.

This decision is of an administrative nature. If the Court decides that the Arbitration solicited by the Claimant cannot proceed, the parties retain the right to ask the competent jurisdiction whether or not they are bound by an arbitration agreement in the light of the law applicable.

If the Court considers Prima Facie that the proceedings may take place, the arbitrator appointed has the duty to decide as to the merits of the dispute.

## Joinder of claims in arbitration proceedings

8

When the party presents a Request for Arbitration in connection with a legal relationship already submitted to arbitration proceedings by the same parties and pending before the Court of Arbitration, the Court may decide to include that claim in the existing proceedings, subject to the provisions of Article 16 of the Beirut Chamber of Commerce and Industry Rules of Arbitration.

## Advances to cover costs of Arbitration

9

When the Court of Arbitration has set separate advances on costs for a specific case in accordance with Article 9(1) (Sub-para 2) of the Beirut Chamber of Commerce and Industry Rules of Arbitration, the Secretariat General requests each of the parties to pay the amount corresponding to its claims, without prejudice to the right of the parties to pay the said advances on costs in equal shares if they deem it advisable.

10

When a request for an advance on costs has not been complied with, the Secretariat General may set a time-limit, which must not be less than 30 days, on the expiry of which the relevant claim, whether principal claim or counter-claim, shall be considered as withdrawn. This does not prevent the party in question from lodging a new claim at a later date.

11

If one of the parties claims a right to a set-off with regard to either a principal claim or counter-claim, such set-off is taken into account in determining the advance to cover the costs of arbitration, in the same way as a separate claim, insofar as it may require the arbitrators to consider additional matters.

## Arbitral awards: Form

12

When it scrutinizes draft arbitral award in accordance with Article 21 of the Beirut Chamber of Commerce and Industry' Rules of Arbitration, the Court of Arbitration pays particular attention to the respect of the formal requirements laid down by the law applicable to the proceedings and, where relevant, by the mandatory rules of the place of arbitration, notably

with regard to the reasons for awards, their signature and the admissibility of dissenting opinions.

**Arbitrator's fees**

| 13 |
| --- |

In setting the arbitrator's fees on the basis of the scale attached to the Beirut Chamber of Commerce and Industry' Rules of Arbitration, the Court of Arbitration takes into consideration the time spent, the rapidity of the proceedings  and the complexity of the dispute, so as to arrive at a figure within the limits specified or, when circumstances require, higher or lower than those limits.

# Appendix III
## Schedule of conciliation and arbitration costs

## 1. Costs of conciliation

a) The administrative expenses for a conciliation procedure shall be fixed at one-quarter of the amount calculated in accordance with the sale of administrative expenses hereinafter set out. Where the sum in dispute in a conciliation procedure is not stated, the Secretary General of the Court of Arbitration shall fix the administrative expenses at his discretion.

b) The fee of the conciliator to be paid by the parties shall be fixed by the Secretary General of the Court. Such fee shall be reasonable in amount, taking into consideration the time spent, the complexity of the dispute and any other relevant circumstances.

## 2. Costs of arbitration

a) The advance on costs fixed by the Court of Arbitration comprises the fee(s) of the arbitrator(s), any personal expenses of the arbitrator(s) and the administrative expenses.

b) The submission of any claim or counter-claim to the arbitrator(s) shall be made only after at least half of the advance on costs fixed by the Court has been satisfied. Terms of Reference shall only become operative and the arbitrator(s) shall only proceed in respect of those claims and counter-claims for which the totality of the advance on costs fixed by the Court has been satisfied.

c) The Court shall fix the administrative expenses of each arbitration in accordance with the scale hereinafter set out or, where the sum in dispute is not stated, at its discretion. If exceptional circumstances so require, the Court may fix the administrative expenses at a lower or higher figure than that which would result form application of said scale.

Further, the Court may require the payment of administrative expenses in addition to close provided for in the scale of administrative expenses as a condition to holding an arbitration in abeyance at the request of the parties or one of them with the acquiescence of the other(s).

d) Subject to Article 20(3) of the Beirut Chamber of Commerce and Industry Arbitration Rules of Arbitration, the Court shall fix the fee(s) of the arbitrator(s) in accordance with the scale hereinafter set out or, where the sum in dispute is not stated, at its discretion.

e) When a case is submitted to more than one arbitrator, the Court, at its discretion, shall have the right to increase the total fees up to a

25

maximum of three times the fee payable to one arbitrator.

    f) When arbitration is preceded by attempted conciliation, one-half of the administrative expenses paid in respect of the said attempt shall be credited to the administrative expenses of the arbitration.

    g) Before any expertise can be commenced, the parties, or one of them, shall pay an advance on costs fixed by the arbitrator(s) sufficient to cover the expected fee and expenses of the expert as determined by the arbitrator(s).

## 3. Advance on administrative expenses

    a) Each party to a dispute submitted to conciliation under the Rules of Optional Conciliation of the Beirut Chamber of Commerce and Industry is required to make an advance payment of US $250 or its equivalent in Lebanese Pounds on the administrative expenses.

    b) Each request to open an arbitration pursuant to the Beirut Chamber of Commerce and Industry Rules of Arbitration must be accompanied by an advance payment of US $750 or its equivalent in Lebanese Pounds on the administrative expenses.

    c) No request for conciliation or arbitration will be entertained unless accompanied by the appropriate payment. This payment is not recoverable and becomes the property of the Beirut Chamber of Commerce and Industry. Such payment by a party shall be credited to its portion of the administrative expenses for the conciliation or arbitration, as the case may be.

## 4. Appointment of arbitrators

A registration fee of US $750 or its equivalent in Lebanese Pounds is payable by the requesting party in respect of each request made to the Beirut Chamber of Commerce and Industry to appoint an arbitrator for any arbitration not conducted under the Beirut Chamber of Commerce and Industry Rules of Arbitration. No request for appointment of an arbitrator will be entertained unless accompanied by said fee, which is not recoverable and becomes the property of the Beirut Chamber of Commerce and Industry.

Such fee shall cover any additional services rendered by the Beirut Chamber of Commerce and Industry regarding the appointment, such as decisions on a challenge of the arbitrator and the appointment of a substitute arbitrator.

## 5. Scales of administrative expenses and of arbitrator's fees

To calculate the administrative expenses and the arbitrator's fees, the amounts calculated for each successive slice of the sum in dispute must be added together except that where the sum in dispute is over US $80

million or its equivalent in Lebanese Pounds, a flat amount of US $35000 or its equivalent in Lebanese Pounds shall constitute the entirety of the administrative expenses.

## A- Administrative Expenses

| Sum in dispute (In US Dollar) | Administrative Expenses |
|---|---|
| Up to 50.000 | 750 $ |
| From 50.001 to 100.000 | 1.5% |
| From 100.001 to 500.000 | 0.75% |
| From 500.001 to 1.000.000 | 0.50% |
| From 1.000.001 to 2.000.000 | 0.25% |
| From 2.000.001 to 5.000.000 | 0.10% |
| From 5.000.001 to 10.000.000 | 0.05% |
| From 10.000.001 to 80.000.000 | 0.025% |
| Over 80.000.000 | 35.000 $ |

An additional rate of 10% from the abovementioned administrative expenses is collected to cover a part of the fees of the Court of Arbitration.

## B-Arbitrator's Fees

| Sum in dispute (in US Dollar) | Fees | |
|---|---|---|
| | Minimum | Maximum |
| Up to 50.000 | 2000 $ | 10.00% |
| From 50.001 to 100.000 | 1.50% | 6% |
| From 100.001 to 500.000 | 0.80% | 2.50% |
| From 500.001 to 1.000.000 | 0.50% | 1.50% |
| From 1.000.001 to 2.000.000 | 0.30% | 1.25% |
| From 2.000.001 to 5.000.000 | 0.20% | 0.40% |
| From 5.000.001 to 10.000.000 | 0.10% | 0.25% |
| From 10.000.001 to 50.000.000 | 0.05% | 0.075% |
| From 50.000.001 to 100.000.000 | 0.02% | 0.050% |
| Over 100.000.000 | 0.01% | 0.025% |

An additional rate of 10% from the abovementioned arbitrator's fees is collected to cover a part of the fees of the Court of Arbitration.

The Beirut Chamber of Commerce and Industry reminds the parties that it may be desirable for them to stipulate in the arbitration clause itself the law governing the contract, the number of arbitrators and the place and language of the arbitration. The parties' free choice of the law governing the contract and the place and language of the arbitration is not limited by the BCCI Rules of Arbitration.

**<u>The arbitration clause :</u>**
**"All disputes arising in connection with the present contract shall be finally settled under the Rules of Conciliation and Arbitration at the Beirut Chamber of Commerce and Industry by one or more arbitrators appointed in accordance with the said Rules.**
**The contraction parties declare accepting the provisions of the said Rules  and undertake to abide by them".**