**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
IN RE:
:
EX PARTE APPLICATION OF IRAQ TELECOM  :  18-MC-458 (LGS) (OTW)
LIMITED FOR AN EXPEDITED ORDER TO TAKE :
DISCOVERY PURSUANT TO 28 U.S.C. § 1782  :  **OPINION & ORDER**
:
------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge:**

I. **Introduction**

Intervenors Sirwan Saber Mustafa and Korek Telecom Company LLC[1] (collectively "Intervenors") both moved for reconsideration of the Court's August 13, 2019 opinion granting Petitioner Iraq Telecom Limited's ("Petitioner") application for discovery for use in a foreign proceeding pursuant to 28 U.S.C. §1782. (ECF 51). For the reasons below, Intervenors' motions for reconsideration are **DENIED**.

II. **Legal Standard**

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice &

---
[1] Korek Telecom LLC joined in Mr. Mustafa's motion but did not submit a separate memorandum of law. (ECF 53).

Procedure § 4478). The movant carries the heavy burden of "point[ing] to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration, however, is not meant to be an opportunity for the movant to "relitigat[e] old issues" or take a "second bite at the apple." *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Ultimately, whether to grant a motion for reconsideration is left to the "sound discretion of the district court." *Vincent v. Money Store*, No. 03-CV-2876 (JGK), 2011 WL 5977812, at *1 (S.D.N.Y. Nov. 29, 2011).

### III. <u>Discussion</u>

As this is a motion for reconsideration, the Court assumes the parties have familiarity with the underlying factual and procedural background giving rise to Petitioner's initial application for discovery. On August 13, 2019, the Court issued an opinion granting Petitioner's application for discovery, finding, *inter alia*, that Petitioner's seeking to use the discovery for litigation in the Dubai International Financial Centre ("DIFC") courts qualifies as "for use in a proceeding in a foreign or international tribunal" under 28 U.S.C. §1782. (ECF 47 at 6-7). In their opposition to Petitioner's application, Intervenors did not challenge the characterization of the DIFC courts as a foreign tribunal or argue that the requested discovery would not be "for use" in the DIFC litigation. Rather, Intervenors argued that because Petitioner had yet to serve the defendants in the DIFC litigation, any proceeding would be speculative because it was unclear whether the DIFC court would "ever be able to render a dispositive ruling."[2] (ECF 34 at 13-14 &

---

[2] The reference in *Intel* to the ability to issue a "dispositive ruling" refers to the type of tribunal that is covered by §1782, not, as Intervenors read it, that the timing of a dispositive ruling is the marker for determining whether a proceeding is within reasonable contemplation. *See Intel Corp. v. Advanced Micro Devices, Inc*. 542 U.S. 241, 259 (2004). Indeed, the Supreme Court clarified that the "within reasonable contemplation" standard was more

2

n. 3).

The Court rejected that argument, noting that the proper standard is whether the foreign proceeding is "within reasonable contemplation." (ECF 47 at 5 (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 253 (2004))). Because Petitioner had already filed complaints in the DIFC litigation, the Court held that proceedings in the DIFC courts were "within reasonable contemplation" and not merely speculative. (ECF 47 at 5-6). In their motions for reconsideration, Intervenors argue that Petitioner's continued failure to effectuate service shows that Petitioner has effectively abandoned its DIFC claims and therefore that the DIFC litigation can no longer be considered within reasonable contemplation. (ECF 51 at 2-3). That argument will be analyzed for each of Petitioner's actions below.

### a. Self-Dealing Action

Intervenors cite Petitioner's failure to serve the self-dealing complaint by the April 16, 2019 deadline as evidence that Petitioner is no longer litigating its self-dealing claim. (ECF 51 at 2-3). This is not quite correct. Petitioner already served one of the defendants in the DIFC self-dealing action, International Holdings Limited, a fact undisputed by Intervenors. (*See* Declaration of Graham Kenneth Lovett ("Lovett Decl.") (ECF 60-1) ¶ 23). Although Petitioner admits that Raymond Zamir Zina Rahmeh ("Mr. Rahmeh"), another of the defendants, has not been served, the DIFC court granted Petitioner an extension of time to serve Mr. Rahmeh through October 16, 2019. (*Id*. ¶ 27). Therefore, Petitioner is not in violation of the service deadline.

Nor does it appear that Petitioner's delay in serving Mr. Rahmeh is an indication that

---

relaxed and meant that the proceeding itself did not even have to be "pending" or "imminent." *See id*.

3

Petitioner has decided to drop its self-dealing claim. *See In re Application of Furstenberg Fin. SAS*, 334 F. Supp. 3d 616, 619 (S.D.N.Y. 2018) (finding delays caused by others' obstruction should not be a basis for denying §1782 discovery). Indeed, the opposite. Petitioner has attempted to serve Mr. Rahmeh multiple times via the Lebanese police. (Lovett Decl. ¶ 10). And, Petitioner's counsel in the DIFC litigation stated in his affidavit that Petitioner will continue to attempt to effectuate service until completed. (*Id*. ¶ 14). Accordingly, Intervenors have not raised any new facts showing that the DIFC self-dealing action is no longer within reasonable contemplation.

      b. **Breach of Duty Action**

As for Petitioner's breach of duty derivative claim in the DIFC litigation, Intervenors speculate that Petitioner will "likely" fail to meet its September 12, 2019 service deadline. (ECF 51 at 3). At the outset, Petitioner's speculations of what may happen in the future does not present new evidence or law that would affect how the Court originally ruled. *See Adeghe v. Janssen Pharm., Inc.*, No. 16-CV-2235 (LGS), 2017 WL 4839063, at *1 (S.D.N.Y. Oct. 24, 2017) (rejecting motion for reconsideration where the movant cited "mere speculation" instead of new evidence that was not previously available); *Yin v. Alvarado*, No. 11-CV-780 (EAW), 2017 WL 4417714, at *2 (N.D.N.Y. Oct. 4, 2017) (finding "'new' conclusory assertions . . . do not amount to 'new evidence'"). For that reason alone, Intervenors' argument for reconsideration on this point is denied.

Moreover, similar to the self-dealing claim, Petitioner's delays in service have not been the result of an abandonment of the claim but rather difficulties in effectuating service due to needing to work with various governmental authorities. (Lovett Decl. ¶ 10 & n. 5). Intervenors

have not presented any evidence that service in the DIFC litigation is impossible or that Petitioner has stopped attempting to effectuate service.

Intervenors alternatively argue that the DIFC court's denial of Petitioner's request for interim relief, akin to preliminary injunctive relief, means that Petitioner's future application to file its derivative claim would also be denied. (ECF 51 at 4). As Mr. Lovett explains, however, denial of interim relief means that the DIFC court was not convinced that Petitioner showed a "high degree of assurance" of success, not that success would be ultimately denied were the application to be brought. (Lovett Decl. ¶¶ 18-19). Intervenors' conjecture that Petitioner would "likely" be denied its application to file its breach of duty claim is, at this point, merely speculation and insufficient to warrant reconsideration.

### IV. Conclusion

For the foregoing reasons, Intervenors' motions for reconsideration are **DENIED**. The Clerk is directed to close ECF 51 and 53.

**SO ORDERED.**

Dated: October 10, 2019  
New York, New York

_s/ Ona T. Wang_  
**Ona T. Wang**  
United States Magistrate Judge