```
UNITED STATES DISTRICT COURT                USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                DOCUMENT
-------------------------------------------X ELECTRONICALLY FILED
                                             DOC #:_____
                                          :  DATE FILED: 11/18/2019
IN RE: EX PARTE APPLICATION OF IRAQ       :
TELECOM LIMITED FOR AN EXPEDITED          :
ORDER TO TAKE DISCOVERY PURSUANT          :  18 Misc. 458 (LGS)
TO 28 U.S.C. 1782,                        :
                                          :  OPINION & ORDER
                              Applicant.  :
-------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Applicant Iraq Telecom Limited filed, on October 5, 2018, an application pursuant to 28 U.S.C. § 1782 for an Order to conduct discovery for use in a foreign proceeding. The matter was referred to Magistrate Judge Wang on October 10, 2018. On August 13, 2019, Judge Wang granted the application over the opposition of an intervening defendant in the foreign proceeding, Sirwan Saber Mustafa (the "August Opinion"). Mustafa and another intervening defendant in the foreign proceeding, on August 27, 2019, moved for reconsideration of the August 13 Order. On October 10, 2019, Judge Wang denied their motions for reconsideration (the "October Opinion"). Mustafa filed an objection (the "Objection") to Judge Wang's October Opinion on October 24, 2019. For the following reasons, the Objection is overruled.

**The Objection to the August Opinion is Untimely**.

The Objection is not timely filed regarding the August Opinion. Applications pursuant to 28 U.S.C. §1782 are nondispositive. *See In re Hulley Enterprises Ltd.*, No. 18 Misc. 435, 2019 WL 4562378, at *6 (S.D.N.Y. Sept. 5, 2019) ("This Court agrees with the majority of courts finding that rulings on § 1782 applications are *not* dispositive"). "A party may serve and file objections to [a nondispositive] order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). The Objection was filed 72 days after the August Opinion and is accordingly untimely and denied as

to the August Opinion. Even assuming the Objection is timely, the Objection is also overruled on the merits as explained below.

**The Standard of Review.**

A deferential standard of review applies because the matter is nondispositive. An application pursuant to § 1782 is not dispositive because it does not address and cannot dispose of any substantive underlying claims or defenses in the foreign proceeding. *See In re Hulley Enterprises Ltd.*, 2019 WL 4562378, at *5; *see also In re Application of Quadre Investments, L.P.*, No. 18 Misc. 118, 2019 WL 1075274, at *1 (C.D. Cal. Jan. 7, 2019); *JSC MCC EuroChem v. Chauhan*, No. 17 Misc. 5, 2018 WL 3872197, at *1, *14 (M.D. Tenn. Aug. 15, 2018); *In re Sergeeva*, No. 13 Civ. 3437, 2015 WL 12866970, at *1-2 (N.D. Ga. Feb. 6, 2015); *Matter of a Petition for Judicial Assistance Pursuant to 28 U.S.C. § 1782 by Macquarie Bank Ltd.*, No. 14 Civ. 797, 2015 WL 7258483, at *3 (D. Nev. Nov. 17, 2015).

A magistrate judge's order granting a nondispositive motion may be overturned only if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "An order is 'clearly erroneous' when the entire evidence leaves the district court 'with the definite and firm conviction that a mistake has been committed.'" *Nike, Inc. v. Wu*, 349 F. Supp. 3d 346, 353 (S.D.N.Y. 2018) (quoting *FDIC v. Providence Coll.*, 115 F.3d 136, 140 (2d Cir. 1997)). "An order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (internal quotation omitted). "[M]agistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Winfield v. City of New York*, No. 15 Civ. 5236, 2017 WL 5054727, at *2 (S.D.N.Y. Nov. 2, 2017) (quotation and citation omitted). This is a "heavy burden." *In re Hulley Enterprises Ltd.*, 2019 WL 4562378, at *4.

"A motion for reconsideration should be granted only when the [movant] identifies an

2

intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation omitted). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Id*. (internal quotation omitted).

**The Objection is Overruled.**

Mustafa has not met the heavy burden of overturning the denial of reconsideration of a nondispositive motion. Judge Wang's determination that the proceedings in the Dubai International Financial Centre ("DIFC") Courts were "within reasonable contemplation" was not clearly erroneous or contrary to law, and on the motion to reconsider, Mustafa did not identify an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.

In *Intel Corp. v. Advanced Micro Devices, Inc.*, the Supreme Court "reject[ed] the view . . . that § 1782 comes into play only when adjudicative proceedings are pending or imminent . . . [and] [i]nstead [held] that § 1782(a) requires only that a dispositive ruling . . . be within reasonable contemplation." 542 U.S. 241, 259 (2004). Numerous courts within the Second Circuit have held that a foreign proceeding is within reasonable contemplation before the defendant has been served. *See In re Hansainvest Hanseatische Investment-GmbH*, 364 F. Supp. 3d 243, 249 (S.D.N.Y. 2018) (an action is "reasonably contemplated" where the applicants' counsel "made an affirmative representation at oral argument that the [a]pplicants would file their

3

litigation before the end of the year"); *In re Furstenberg Finance SAS*, No. 18 Misc. 44, 2018 WL 3392882, at *4 (S.D.N.Y. July 12, 2018) (sworn intent to file the complaints satisfied the "reasonable contemplation" requirement). Accordingly, Mustafa has not provided any basis to sustain the Objection.

Contrary to Mustafa's argument, Judge Wang did not change the standard to an impossibility test. The August Opinion finds that the proceedings are in reasonable contemplation because the complaints had already been filed in the DIFC Courts. And Judge Wang observed that by the October Opinion one defendant had already been served. The statement in the October Opinion that "Intervenors have not presented any evidence that service in the DIFC litigation is impossible" was to explain on a motion for reconsideration that "Petitioner's delays in service [were] due to needing to work with various governmental authorities" and were not indicative that the case would not proceed.

The Objection to the October Opinion is OVERRULED. The Court of Clerk is respectfully directed to close Docket No. 76.

Dated: November 18, 2019
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**