**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
IN RE: :
:
   EX PARTE APPLICATION OF IRAQ TELECOM :      18-MC-458 (LGS) (OTW)
   LIMITED FOR AN EXPEDITED ORDER TO TAKE :
   DISCOVERY PURSUANT TO 28 U.S.C. § 1782 :     **MEMORANDUM OPINION & ORDER**
:
-----------------------------------------------------------------x

       **ONA T. WANG**, **United States Magistrate Judge:**

       Before the Court are two competing protective orders intended to govern production of

documents pursuant to Petitioner Iraq Telecom Limited's ("Petitioner") subpoenas.[1] On August

13, 2019, the Court granted Petitioner's application under 28 U.S.C. §1782 to issue subpoenas

to a number of U.S. banks for use in foreign proceedings. (ECF 47). Intervenor Sirwan Saber

Mustafa ("Intervenor") subsequently proposed revisions to Petitioner's submitted protective

order,[2] requesting the addition of, *inter alia*, provisions restricting the production of documents

that would violate the Lebanese Banking Secrecy Law of September 3, 1956 (the "Lebanese

Secrecy Law"). (ECF 65).

       On November 6, 2019, the Court requested additional briefing on whether the failure to

raise the concerns about the Lebanese Secrecy Law in Intervenor's initial opposition to the

§1782 application constituted a waiver and whether the Lebanese Secrecy Law even applies to

Petitioner's requested documents. (ECF 78). Having reviewed the parties' briefs, the Court

---

[1] The Court assumes the parties' familiarity with the facts of this case, as laid out in the Court's August 13, 2019 Order authorizing the issuance of Petitioner's subpoenas. (ECF 47).

[2] Neither the banks that are the targets of the subpoenas nor Intervenors have moved to quash the subpoenas.

approves Petitioner's proposed executed protective order, ECF 74-1.

## I.       Legal Standard

Federal Rule of Civil Procedure 26 permits the issuance of a protective order, upon a

showing of good cause, to protect a person from "annoyance, embarrassment, oppression, or

undue burden or expense." Fed. R. Civ. P. 26(c)(1). A court has "broad discretion" to determine

whether certain protections are necessary in a protective order. *See Seattle Times Co. v.*

*Rhinehart*, 467 U.S. 20, 36 (1984). The party seeking a particular protective order carries the

burden of "showing that good cause exists for issuance of that order." *See Gambale v. Deutsche*

*Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004).

## II.      Analysis

In its discretion, the Court finds that Intervenor failed to carry his burden to show good

cause for his more expansive protective order. Intervenor argues that the Court should employ

a comity analysis due to a conflict between the Lebanese Secrecy Law and Petitioner's

requested discovery from the banks. (ECF 80 at 11-12). Such an analysis is unnecessary here

because Intervenor has not shown the presence of an actual conflict. *See Linde v. Arab Bank,*

*PLC*, 262 F.R.D. 136, 148 (E.D.N.Y. 2009) (defining conflict as where "compliance with the

regulatory laws of both countries would be impossible"). The text of the Lebanese Secrecy Law[3]

limits its application to "[b]anks established in Lebanon in the form of joint-stock companies,

and banks that are branches of foreign companies." *See* Declaration of Jawad Pakradouni

("Pakradouni Decl.") (ECF 65-2), Exhs. A-B. Intervenor has failed to show why the Lebanese

Secrecy Law applies to banks and documents, such as the documents requested in Petitioner's

---

[3] The Court uses the English translation referenced by both parties. (*See* ECF 65-2, Ex. B).

subpoenas, that are based *outside* of Lebanon.[4] *Cf.* Pakradouni Decl. ¶ 5 (noting the Secrecy

Law only applies to "banks in operation in Lebanon"); Declaration of Nabil Abdel-Malek (ECF 82)

¶ 5 (affirming the Secrecy Law applies to banks and documents in Lebanon and not to U.S.

banks). Accordingly, a protective order prohibiting disclosure of documents "protected from

disclosure by the Lebanese Banking Secrecy Law" is unnecessary.[5] (*See* ECF 65-1 ¶ 10).

Intervenor's other proposed provisions are also unnecessary. Although Petitioner's

protective order limits use of the subpoenaed documents to the proceedings listed in its initial

§1782 application and "potential foreign proceedings" that may be related, Intervenor argues

that it is more "common-sense" to limit use to just the proceedings named in the §1782

application. (*See* ECF 80 at 17). Because use in "potential foreign proceedings" is merely

speculative at this time and neither party has provided case law on whether the subpoenaed

documents could be used for other proceedings, the Court finds no reason to adopt

Intervenor's more restrictive limitation. Likewise, Intervenor's request for a section explicitly

granting him and Korek Telecom Company LLC the right to designate the banks' produced

---

[4] Although Mr. Pakradouni asserts that the Lebanese Secrecy Law can be enforced abroad, that goes to *where* the law can be enforced, as opposed to the issue here of whether the Lebanese Secrecy Law applies to these banks. Unlike the cases cited by Intervenor, Intervenor does not allege that the targets of the subpoenas are either Lebanese banks or Lebanese branches of foreign banks such that they would be covered by the Lebanese Secrecy Law. *See, e.g., U.S. v. Rubin*, 836 F.2d 1096, 1100-01 (8th Cir. 1988) (examining whether Cayman Island law restricted disclosures by a Cayman Island bank executive); *U.S. v. Davis*, 767 F.2d 1025, 1036 (2d Cir. 1985) (applying comity analysis after finding that both the U.S. and the Cayman Islands had "concurrent jurisdiction" to restrict the disclosure); *In re Commodity Exch., Inc., Gold Futures and Options Trading Litig.*, No. 14-MC-2548 (VEC), 2019 WL 1988525, at *3-4 (S.D.N.Y. May 6, 2019) (finding France's secrecy law governed French bank's documents and Singapore's secrecy law governed documents originating in a Singaporean branch of a foreign bank). Intervenors also cite *Daniels v. City of New York*, 200 F.R.D. 205, 210 (S.D.N.Y. 2001), but that case does not involve a bank or a foreign secrecy law. (*See* ECF 65 at 2).

[5] Intervenor defines this to include all documents and communications "concerning transactions (if any) from" or "pertaining to" an account at a Lebanese bank that contain information protected by the Lebanese Secrecy Law. (ECF 65-1 ¶ 10).

documents as confidential is unnecessary.[6]

### III.    <u>Conclusion</u>

For the foregoing reasons, Petitioner's protective order is approved, and Intervenor's

request for entry of his proposed protective order is denied. The Court will separately so-order

Petitioner's executed protective order. Petitioner's requests for a conference to discuss the

protective orders are hereby denied as moot. The Clerk is directed to close ECF 86 and 88.

       **SO ORDERED.**

_s/ Ona T. Wang_

**Ona T. Wang**

Dated: February 7, 2020
      New York, New York              United States Magistrate Judge

---

[6] Intervenor and Korek Telecom Company LLC argue that they already read Petitioner's protective order as giving them the right to designate documents because they qualify as "Parties" under the protective order. (*See* ECF 80 at 17). As such, Intervenor has not shown the need for a separate provision repeating his interpretation. Regardless, Petitioner represents that it is Petitioner's understanding that the banks will designate all of the produced documents as confidential, rendering any concern premature and/or moot. (*See* ECF 81 at 26 n. 29).