# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

IN RE:

*EX PARTE* APPLICATION OF IRAQ TELECOM LIMITED FOR AN EXPEDITED ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782

Applicant,

SIRWAN SABER MUSTAFA, and KOREK TELECOM COMPANY LLC.

Intervenors.

Case No. 1:18-mc-00458 (LGS) (OTW)

**STIPULATION AND ▇▇▇ PROTECTIVE ORDER**

    **WHEREAS**, Petitioner Iraq Telecom Limited ("Iraq Telecom") has sought certain limited discovery from nonparties (1) Citibank, N.A., (2) HSBC Bank USA, N.A., (3) Standard Chartered Bank, New York Branch, (4) The Bank of New York Mellon, and (5) Wells Fargo Bank, N.A. (collectively, "Banks") for use in certain pending and contemplated foreign proceedings, as set out in its application for assistance pursuant to 28 U.S.C. §1782 ("Application") [ECF No. 2];

    **WHEREAS**, the Court granted Sirwan Saber Mustafa and Korek Telecom Company LLC (collectively, "Intervenors") the right to intervene in the above-captioned action ("Action") (*see* Order (Nov. 7, 2018) [ECF No. 21]; Order to Show Cause (Nov. 9, 2018) ¶ 1 [ECF No. 22]; Notice of Appearance (Nov. 21, 2018) [ECF No. 27]);

    **WHEREAS**, the Court granted the Application (*see* Order (Aug. 13, 2019) [ECF No. 47]);

    **WHEREAS**, pursuant to the granted Application, Iraq Telecom served subpoenas on each of the Banks, which may require the production of confidential information, including confidential information regarding the Intervenors; and

    **WHEREAS**, Iraq Telecom, the Banks, and the Intervenors, each of whom are a party to this Stipulation and Proposed Protective Order (collectively, "Parties"), have agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

    **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with this Action:

1. Counsel for any Party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the Party and/or its customers in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a Party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with (a) the pending and contemplated foreign proceedings named in the Application ("Named Proceedings");[1] or (b) potential foreign proceedings brought by Iraq Telecom relating to the same transactions and/or occurrences underlying the Named Proceedings (collectively with the Named Proceedings, "Foreign Proceedings"), and not for any business, commercial, or competitive purpose, or in any other litigation or proceeding.

3. In the event a Party challenges another Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Confidential Information.

4. The Parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting Party and counsel, including in-house counsel and outside counsel for the Foreign Proceedings;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Outside vendors or service providers (such as copy-service providers and document-management consultants) engaged by such counsel;

    d. Any witness who counsel for a Party in good faith believes may submit a declaration to a tribunal with jurisdiction over a Foreign Proceeding ("Foreign Tribunal"), and/or be called to testify at trial, deposition, or hearing, in connection with the Foreign Proceeding;

    e. Consultants or experts assisting in the prosecution or defense of the Foreign Proceedings, to the extent deemed necessary by counsel;

    f. Stenographers engaged to transcribe depositions and hearings conducted by the Parties in the Foreign Proceedings;

---

[1] As discussed in the Application, these Named Proceedings include: (1) DIFC Breach of Duty Litigation; (2) DIFC Self-Dealing Litigation; (3) LAMC Arbitration; (4) ICC Breach of Agreement Arbitration; and (5) Contemplated ICC Self-Dealing Arbitration.

g. The Foreign Tribunals (including any person having access to any Confidential Information by virtue of his or her position with the Foreign Tribunal); and

h. The Court (including any person having access to any Confidential Information by virtue of his or her position with the Court).

5. Before disclosing or displaying the Confidential Information to any witness, consultant, expert, or stenographer (collectively, "Permitted Individuals"), counsel must:

   a. Inform the Permitted Individual of the confidential nature of the information or documents;

   b. Inform the Permitted Individual that this Court has enjoined the use of the information or documents by him/her for any purpose other than the proceeding and has enjoined the disclosure of the information or documents to any other person; and

   c. Require the Permitted Individual to sign an agreement ("Agreement") to be bound by this Order in the form attached hereto.

   Counsel must retain each signed Agreement, hold it in escrow, and produce it to Party counsels before any Permitted Individual is allowed to testify (at deposition, hearing, or trial). Party counsels and all such Permitted Individuals must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

6. Before disclosing or displaying the Confidential Information in a Foreign Proceeding, counsel must first provide the relevant Foreign Tribunal with a copy of this Order, translated as appropriate.

7. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential. To the extent that information containing PII is for use in a Foreign Proceeding, the filing of such information shall be in accordance with the applicable procedure and rulings of the Foreign Tribunal for the protection of PII.

9. Pursuant to Federal Rule of Evidence 502, inadvertent disclosure of privileged communications shall not constitute a waiver of any privilege or work product protection provided the parties follow the steps set forth in Rule 502.

10. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information should or should not be filed with the Court or any Foreign Tribunal under seal. Instead, to the extent that information designated as "confidential" is for use in a Foreign Proceeding, the filing of such information shall be in

accordance with the applicable procedure and rulings of the Foreign Tribunal for the protection of confidential information.

11. Should any Party be asked to produce any Confidential Information in its possession in response to a lawful subpoena or other compulsory process, or if it is required to produce by law or by any government agency having jurisdiction, such Party must give written notice to the producing Party as soon as reasonably possible, and if permitted by the time allowed under the request at least 21 days before any disclosure.

12. At the conclusion of the Foreign Proceedings, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

13. This Order will survive the termination of this Action and the Foreign Proceedings and will continue to be binding upon all persons to whom Confidential Information is produced or disclosed.

14. The Court shall retain jurisdiction and venue over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED**.

 /s/ Kristin N. Tahler
Kristin N. Tahler, Esq.
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
James Sandnes
SKARZYNSKI MARICK & BLACK LLP
*Attorneys for Iraq Telecom*

Duane L. Loft, Esq.
BOIES SCHILLER FLEXNER LLP
*Attorneys for Intervenor Sirwan Mustafa*

Joshua D. Liston, Esq.
BEYS LISTON & MOBARGHA LLP
*Attorneys for Intervenor Korek Telecom
Company LLC*

 /s/ Jessica S. Carey
Jessica S. Carey, Esq.
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
*Attorneys for Citibank, N.A. &
HSBC USA, N.A.*

 /s/ Donna Hill
Donna Hill, Esq. *for*
STANDARD CHARTERED BANK,
NEW YORK BRANCH

 /s/ Jessica W. Rhea
Jessica W. Rhea, Esq. *for*
THE BANK OF NEW YORK MELLON

 /s/ Barry J. Glickman
Barry J. Glickman, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
*Attorneys for Wells Fargo Bank, N.A.*

**SO ORDERED**.

Dated: Feb. 7, 2020
New York, New York

**Ona T. Wang**
United States Magistrate Judge

## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the United States District Court, Southern District of New York, Case No. 1:18-mc-00458 (LGS) (OTW).

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation/arbitration.

DATED:

_____

Signed in the presence of:

_____
(Attorney)