USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/4/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
IN RE:                                              :
                                                    :
EX PARTE APPLICATION OF IRAQ                        :
TELECOM LIMITED FOR AN EXPEDITED                    :     18 Misc. 458 (LGS)
ORDER TO TAKE DISCOVERY PURSUANT                    :          (OTW)
TO 28 U.S.C. § 1782                                 :
                                                    :     **OPINION AND ORDER**
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

Applicant Iraq Telecom Limited filed, on October 5, 2018, an application pursuant to 28 U.S.C. § 1782 for an Order to conduct discovery for use in foreign proceedings. Applicant seeks to serve document and information subpoenas on Citibank, N.A., HSBC Bank (USA), N.A., Standard Chartered International (USA) Ltd., The Bank of New York Mellon, N.A., and Wells Fargo Bank, N.A. (the "U.S. Banks"). These banks are located in and operate out of the United States, and the subpoenas are served on their branches in New York City.

The matter was referred to Magistrate Judge Wang on October 10, 2018. Judge Wang granted the application over the opposition of two intervening parties, Sirwan Saber Mustafa and Korek Telecom Limited ("Intervenors").

On February 7, 2020, Judge Wang approved Applicant's proposed protective order over the opposition of Mustafa (the "February Opinion"). Mustafa had argued that any such order should include a provision that forecloses any production that would violate the Lebanese Banking Secrecy Law of September 3, 1956 (the "Lebanese Secrecy Law").

On February 12, 2020, Intervenors timely filed Objections to the February Opinion and an emergency motion to stay discovery pending a ruling on the Objections. The motion to stay was granted pending a ruling on the Objections. For the following reasons, the Objections are

overruled, and the stay is lifted. Knowledge of all additional facts is assumed for purposes of this Opinion.

## I. STANDARD OF REVIEW

A deferential standard of review applies because the matter is nondispositive. *See In re Hulley Enters. Ltd.*, No. 18 Misc. 435, 2019 WL 4562378, at *5, 6 (S.D.N.Y. Sept. 5, 2019) ("This Court agrees with the majority of courts finding that rulings on § 1782 applications are *not* dispositive."). A magistrate judge's order granting a nondispositive motion may be overturned only if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order is clearly erroneous when the court is "left with the definite and firm conviction that a mistake has been committed." *FDIC v. Providence Coll.*, 115 F.3d 136, 140 (2d Cir. 1997); *accord Nike, Inc. v. Wu*, 349 F. Supp. 3d 346, 353 (S.D.N.Y. 2018). "An order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Nike*, 349 F. Supp. 3d at 353 (internal quotation omitted). "[M]agistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Winfield v. City of New York*, No. 15 Civ. 5236, 2017 WL 5054727, at *2 (S.D.N.Y. Nov. 2, 2017) (quotation and citation omitted) (alteration in original). This is a "heavy burden." *In re Hulley Enters. Ltd.*, 2019 WL 4562378, at *4. Intervenors erroneously cite case law for the standard of reviewing a magistrate judge's order granting a dispositive motion.

Federal Rule of Civil Procedure 26 permits a court to issue a protective order upon a showing of good cause, to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A court has "broad discretion" to determine what protections are necessary in a protective order. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *accord Dukes v. NYCERS*, 331 F.R.D. 464, 473 (S.D.N.Y. 2019). The party

seeking a particular protective order carries the burden of "showing that good cause exists for issuance of that order." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004); *Dukes*, 331 F.R.D. at 473.

## II. ANALYSIS

The February Opinion held that Mustafa failed to carry his burden to show good cause for a protective order that precludes the production of documents in violation of the Lebanese Secrecy Law. The February Opinion found that, based on its text, the Lebanese Secrecy Law does not apply to the banks and documents at issue in this proceeding and that Mustafa offered no contrary legal precedent.

Intervenors have not met their heavy burden of showing that the February Opinion is contrary to law. Mustafa offered the following translation of Articles 1 and 2 of the Lebanese Secrecy Law:

> **Article 1.** *Banks established in Lebanon* in the form of joint-stock companies, and *banks that are branches of foreign companies*, are subjected to professional secrecy, provided that the said Lebanese and foreign banks obtain, for this purpose, a special approval from the Minister of Finance.
> The Agricultural, Industrial and Real Estate Credit Bank shall not be governed by the provision of this Law.
>
> **Article 2.** The managers and employees of *the banks mentioned in Article 1*, and any person who, owing to his/her capacity or position, has access by any means to the banks' books, operations and correspondence, are absolutely bound by banking secrecy in the interest of the clients of the said banks. These persons may not disclose any information known to them about the clients' names, funds, or personal matters to any party, be it an individual or a public authority, whether administrative, military or judicial, except when authorized in writing by the concerned client, his/her heirs or legatees, or in case the client is declared bankrupt, or there is a lawsuit involving banks and their clients over banking operations.

(Emphasis added). Judge Wang did not commit legal error in finding that these provisions do not apply to banks and documents based outside of Lebanon. The Lebanese Secrecy Law applies

only to banks established in Lebanon and banks that are Lebanese branches of foreign banks. The banks here meet neither requirement.

Intervenors first argue that the Lebanese Secrecy Law protects information about Lebanese bank accounts even when the information is in the possession of banks based outside of Lebanon. Judge Wang construed Article 1 to mean that the law applies only to Lebanese banks and branches of foreign banks located in Lebanon. This construction of the law is reasonable, and it was not an abuse of discretion to construe the law so that it does not apply to all bank branches of all foreign banks anywhere in the world.

Second, Intervenors argue that the secrecy law is not limited to information in the possession of banks established in Lebanon and Lebanese branches of foreign banks. They note that Article 2 prohibits "any person" from disclosing information. This is not a complete reading of Article 2, which covers "any person who, owing to his/her capacity or position, has access by any means to the banks' books, operations and correspondence." The "banks" identified here are those "mentioned in Article I." The reference to "any person" therefore is limited to persons who because of their position have access to sensitive information in the possession of a Lebanese bank or the Lebanese branch of a foreign bank. That is not the case here.

Finally, Intervenors argue that the February Opinion is inconsistent with the purpose and function of the Lebanese Secrecy Law, as it allows parties to circumvent the restrictions of the information meant to remain private. Judge Wang's holding respects the restrictions under the Lebanese law, but reasonably construes it not to apply to the materials at issue here.

The subpoenas request information that the U.S. Banks possess due to their transactions with, among other entities, banks established in Lebanon. The subpoenaed U.S. Banks and their U.S. employees are not subject to the Lebanese Secrecy Law, which is expressly aimed at

4

Lebanese banks and Lebanese branches of foreign banks.  Judge Wang did not abuse her discretion in denying Intervenors' application on the basis that the materials at issue are not covered by the Lebanese Secrecy Law.

As there is no conflict between the Lebanese Secrecy Law and the request for documents, no comity analysis is required.

### III.  CONCLUSION

For the foregoing reasons, the Objections to the February Opinion are overruled.  The stay pending a ruling on the Objections is lifted.

Dated: March 4, 2020
      New York, New York

                                             LORNA G. SCHOFIELD
                                    UNITED STATES DISTRICT JUDGE