```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
IN RE:                                                       :
                                                             :
EX PARTE APPLICATION OF IRAQ                                 :    18 Misc. 458 (LGS) (OTW)
TELECOM LIMITED FOR AN EXPEDITED                             :
ORDER TO TAKE DISCOVERY PURSUANT                             :    OPINION AND ORDER
TO 28 U.S.C. § 1782                                          :
                                                             :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

      Applicant Iraq Telecom Limited filed, on October 5, 2018, an application pursuant to 28 U.S.C. § 1782 for an Order to conduct discovery for use in a foreign proceeding. The matter was referred to Magistrate Judge Wang on October 10, 2018. On August 13, 2019, Judge Wang granted the application over the opposition of intervening parties ("August Opinion"). On August 27, 2019, the intervenors filed a motion for reconsideration of the August Opinion. Judge Wang denied the motion for reconsideration on October 10, 2019 ("October Opinion").

      Intervenor Sirwan Saber Mustafa filed an Objection as to both the August Opinion and October Opinion. On November 18, 2019, this court found that the objection to the August Opinion was untimely and affirmed Judge Wang's October Opinion ("November Opinion"). On December 17, 2019, Intervenor Mustafa filed a notice of appeal of the November Opinion. That appeal has not been resolved.

      While this court was considering the Objection to the August and October Opinions, a dispute over the scope of the protective order arose. Though not raised earlier, Intervenors claimed that the Lebanese Banking Secrecy Law of September 3, 1956 (the "Lebanese Secrecy Law") substantially limited what information could be produced. On February 7, 2020, Judge Wang approved Applicant's protective order ("February Opinion"). Intervenors filed an Objection to the February Opinion and filed an emergency motion to stay pending a ruling on the

Objection. The court granted the motion to stay pending a ruling on the Objection, and, on March 4, 2020, affirmed Judge Wang's February Opinion ("March Opinion").

Applicant has stated that production in compliance with the court subpoena has already begun. After production started, on March 10, 2020, Intervenor Mustafa filed with the Second Circuit a notice of appeal of the March Opinion and filed with this court an emergency motion to stay production pending the appeal. This second motion to stay was provisionally granted pending a ruling on the motion. This Opinion and Order denies the motion and lifts the stay.

The court otherwise presumes the parties' knowledge of the facts, which have been stated in the August Opinion, October Opinion, November Opinion, February Opinion and March Opinion. *See e.g.*, *In re Iraq Telecom Ltd.*, No. 18 Misc. 458, 2019 WL 3798059, at *1 (S.D.N.Y. Aug. 13, 2019), reconsideration denied, No. 18 Misc. 458, 2019 WL 5080007 (S.D.N.Y. Oct. 10, 2019).

I.  **MOTION TO STAY**

The "traditional standard for a stay" includes "four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 425-26 (2009); *accord Trump v. Deutsche Bank AG*, 943 F.3d 627, 640 n.23 (2d Cir. 2019). Whether to grant or deny a stay is an "'exercise of judicial discretion.'" *Meyer v. Kalanick*, 203 F. Supp. 3d 393, 395 (S.D.N.Y. 2016) (quoting *Virginia Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)).

A.  **Likelihood of Success**

A threshold issue in assessing the Intervenor's likelihood of success on appeal is whether Intervenor's notice of appeal of the March Opinion is proper. *See In re Warrant to Search a Certain E-Mail Account Controlled & Maintained by Microsoft Corp.*, No. 13 Mag. 2814, 2014 WL 4629624, at *2 (S.D.N.Y. Aug. 29, 2014) ("In evaluating litigant's likelihood of success on appeal, a district court must consider the likelihood that the Court of Appeals has jurisdiction over the subject case"). "'The court of appeals . . . have jurisdiction of appeals from all final decisions of the district courts of the United States." *Ashmore v. CGI Group, Inc.*, 860 F.3d 80, 84 (2d Cir. 2017) (quoting 28 U.S.C. § 1291). The March Opinion is not a final decision, as it relates only to whether Applicant's protective order should be in place. *See EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 205 (2d Cir. 2012) (noting that a discovery order that does not terminate foreign or domestic proceedings is not a "final decision" under § 1291). Also, this is not one of the limited circumstances where an interlocutory appeal is permitted. *See In re Aggrenox Litig.*, 13 Md. 2516, 2018 WL 834228, at *4 (D. Conn. Feb. 12, 2018) (noting the high bar required to show that a "run-of-the-mill order compelling discovery is so extraordinarily significant to merit the exceptional relief of an interlocutory appeal"). Accordingly, Intervenor's notice of appeal is likely improper.

On the merits, Judge Wang's February 7, 2020, Order decided a nondispositive issue -- whether Applicant's protective order should be accepted. Accordingly, her decision must be upheld unless it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also FDIC v. Providence Coll.*, 115 F.3d 136, 140 (2d Cir. 1997); *Nike, Inc. v. Wu*, 349 F. Supp. 3d 346, 353 (S.D.N.Y. 2018). "[M]agistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Winfield v. City of New*

*York*, No. 15 Civ. 5236, 2017 WL 5054727, at *2 (S.D.N.Y. Nov. 2, 2017) (quotation and citation omitted).

Intervenor has not made a strong showing that Judge Wang's interpretation of Articles 1 and 2 of the Lebanese Secrecy Law is so unreasonable as to be an abuse of discretion. Judge Wang reasonably construed Article 1 to mean that the Lebanese Secrecy Law applies only to Lebanese banks and branches of foreign banks located in Lebanon, and reasonably construed Article 2 to be read in light of Article 1. Indeed, Article 2 states that it is in reference to "the banks mentioned in Article 1." Accordingly, the first prong of the stay analysis -- whether the stay Applicant has made a strong showing that he is likely to succeed on the merits -- weighs against granting the motion.

Intervenor contends that *de novo* review is required because this is a determination of foreign law. He first argues that the Lebanese Secrecy Law restricts any bank in the world from disclosing information when an account holder "initiate[s a] transfer or transaction at a Lebanese bank subject to the Secrecy Law" because his privacy right under the law applies to the information in his bank account. He also argues that any other construction violates the law's purpose. Even on *de novo* review, neither argument is likely to succeed on the merits.

Intervenor's interpretation would require the Lebanese Secrecy Law to apply to banks that are neither chartered in Lebanon nor located in Lebanon. Intervenor's statement that the law protects the information in the bank account does not change that Intervenor intends for the Lebanese law to govern the conduct of foreign entities with no connection to Lebanon. Legislative jurisdiction "concerns itself with the reach of a nation's (or any political entity's) laws." *United States v. Prado*, 933 F.3d 121, 133 (2d Cir. 2019). A nation's law can apply extraterritorially only if "the nation possesses, or has exercised, legislative power over those

4

acts." *Id*; *see also United States v. Aluminum Co. of Am.*, 148 F.2d 416, 443 (2d Cir. 1945); Restatement (Third) of Foreign Relations Law of The United States, § 402 (A nation's laws may govern "conduct outside its territory that has or is intended to have a substantial effect within its territory.").

Intervenor contends that the Lebanese Secrecy Law applies extraterritorially because clients of banks subject to the law have a right to protect the information in their accounts, wherever that information is located. This claim does not address the pertinent question -- whether Lebanon possesses and exercised the necessary legislative power for the Lebanese Secrecy Law to prohibit banks in the United States from disclosing information pursuant to an Order issued by a U.S. federal court. Intervenor fails to address this question, perhaps because Intervenor's baseless theory offers no limit to the law's extraterritorial reach. Under his construction, Lebanese law applies as long as an account holder "initiate[s]" a transaction at any bank around the world, whether or not that bank is aware of or requests that the transaction take place.

Intervenor's interpretation of the law's text is also unreasonable. Intervenor admits that Article 1 applies only to Lebanese bank accounts, and instead focuses on Article 2. He states that Article 2 prohibits "any person who, owing to his/her capacity or position, has access by any means to the banks' books, operations and correspondence" from disclosing that information, and that this provision applies "regardless of where [the information] is located."

The full sentence in Article 2 that Intervenor cites is as follows: "The managers and employees of the banks mentioned in Article 1, and any person who, owing to his/her capacity or position, has access by any means to the banks' books, operations and correspondence, are absolutely bound by banking secrecy in the interest of the clients of the said banks."

Intervenor's misreading omits the limitation on the phrase "any person." As used in the statute, "any person" does not refer to any person at any bank around the world. It instead refers to any person who, because of his/her position, has access to the business information of Article 1 banks, *i.e.*, Lebanese banks and branches of foreign banks located in Lebanon. Article 2 would seem to cover a person who is not a manager or employee of, but is otherwise affiliated with, an Article 1 bank, for example, an accountant or a subcontractor.

Finally, Intervenor claims that Judge Wang's construction "renders the protections of the Secrecy Law illusory" because it allows for the disclosure of otherwise protected information when an account holder provides that information to a foreign bank. This does not vitiate the law's purpose, which experts for both Applicant and Intervenor agree is to promote the Lebanese financial and banking sectors. Preventing a non-Lebanese financial institution from complying with a court subpoena by releasing information it possesses through its ordinary course of business is not a reasonable extension of this purpose. Moreover, it was Intervenor's choice to provide his account information to non-Lebanese banks.

     **B.**     **Irreparable Injury**

"[I]nexcusable delay in filing a motion to stay severely undermines the argument that absent a stay irreparable harm will result." *New York v. U.S. Dep't of Commerce*, 339 F. Supp. 3d 144, 148 (S.D.N.Y. 2018)) (quoting *Hirschfeld v. Bd. of Elections*, 984 F.2d 25, 39 (2d Cir. 1993)). Intervenor's conduct belies any reasonable claim that this stay application was diligently filed. Judge Wang granted Applicant's motion for discovery on August 13, 2019. Her Order directed the U.S. Banks to "respond to the subpoenas within 30 days," or by mid-September 2019. Intervenor could have filed an emergency motion to stay upon filing his motion for reconsideration or when that order was appealed to this court or to the Court of Appeals, but

instead sought a protective order from Judge Wang that functionally would prohibit certain materials from being produced.  This effort failed before Judge Wang and this court, and is on appeal to the Second Circuit as well.  Only after three separate motions did Intervenor file his first "emergency" stay application, on February 12, 2020 -- six months after Judge Wang's initial August Opinion.

Under these circumstances, "[t]he mere fact that information, once disclosed, cannot be 'undisclosed' is . . . not enough by itself to warrant a finding of irreparable harm." *See In re Noguer*, No. 18 Misc. 498, 2019 WL 1034190, at *4 (S.D.N.Y. Mar. 5, 2019); *see also In re Platinum Partners Value Arbitrage Fund LP*, NO. 18 Civ. 5176, 2018 WL 3207119 at *6 (S.D.N.Y. June 29, 2018) ("[A] requirement to produce documents, at least absent a claim of privilege or sensitivity, is not generally the type of injury that is irreparable").  As Intervenor identifies no other reasons why disclosing this information to Applicant pursuant to a protective order would cause harm, this factor also counsels against granting the stay.

### C. Substantial Injury to Other Parties

Intervenor admits that Applicant could use the discovery at issue in this matter in a submission due in July 2020 in a foreign proceeding.  This factor is neutral because Applicant has not made clear the significance of the information sought nor of the July proceeding.

### D. Public Interest

This factor strongly weighs against granting the stay.  It is not in the public interest to encourage the use of the rules of civil procedure to tax judicial and party resources and to delay compliance with court orders.  *See In re Hansainvest Hanseatische Inv.-GmbH*, No. 18 Misc. 310, 2019 WL 5939860, at *4 (S.D.N.Y. Oct. 4, 2019) (internal quotation omitted) ("discovery serves the public interest in justice, fair play, and full disclosure, as well as truth in foreign

7

actions"). Moreover, granting the stay would thwart the purpose of § 1782, which is "to provide efficient means of assistance to participants in international litigation." *In re Ishihara Chem. Co.*, 251 F.3d 120, 124 (2d Cir. 2001) (internal quotation omitted).

## II.     Conclusion

As three factors strongly weigh against granting the stay, and one factor is neutral, the motion to stay is denied. The stay pending a ruling on the motion to stay is also lifted. The U.S. Banks shall fully respond to the subpoena within 30 days.

Dated: April 15, 2020
          New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**